WEDGWOOD vs. THE CHICAGO & NORTHWESTERN RAILWAY COMPANY.

MASTER AND SERVANT: RAILROADS. *(1) General rule as to master's liability for injuries received by servant. (2) Liability of railroad company for injuries received by its employees. (3) Case stated.*

1. A master is liable for injuries suffered by his servant, where, by his own negligence or malfeasance, he has enhanced the risk to which the servant was exposed beyond the natural risk of the employment, or has knowingly, and without informing the servant, used defective machinery which has caused the injury.

2. A railroad company is under a legal obligation to its servants engaged in running and operating its trains, to supply and maintain suitable cars and appliances for operating its road, and to use all reasonable means to guard against defects in its locomotives and cars which would endanger the lives and limbs of such servants while in the performance of their duties.

3. The complaint avers that plaintiff was in defendant's employ as a brakeman on a freight train, and it was his duty, whenever occasion should require, to go between the freight cars and couple them with such machinery, etc., as defendant provided; that, on etc., defendant negligently

took upon its track, used and operated a car upon whose brake-frame or brake-beam, at the end of the car, was a large and long bolt, out of place, and which unnecessarily, carelessly and unskillfully projected beyond the frame, beam or brake-head, in the way of the brakeman going to couple the cars; that defendant negligently suffered the bolt to remain, without cutting off the projecting part thereof and without informing plaintiff of its dangerous condition; and that, while going between said car and another to couple them, plaintiff was tripped and thrown down by said bolt, and thus sustained certain injuries. *Held*, that a cause of action is stated.

APPEAL from the Circuit Court for *Sauk* County.

This was an action to recover for injuries suffered by the plaintiff in the course of his employment as a brakeman upon a freight train on a division of defendant's road in the state of Illinois.

" The complaint states in substance, that the plaintiff was in the employ of the defendant as brakeman on a freight train over a division of its road; that it was his duty, whenever occasion should require, to go between the freight cars and couple them together with such machinery, appliances and fixtures as the defendant provided; and that in operating its road it was the duty of the defendant to see that the cars and other rolling stock used on its road were safe and suitable for the business, so as not to unnecessarily endanger the lives and limbs of its employees and servants. It is then alleged that the defendant did, on or about the 31st of May, 1875, carelessly and negligently, and contrary to its duty, take upon its track, use and operate a freight car, upon the brake-frame or brake-beam of which, at the end of the car, was a large and long bolt, out of place, and which unnecessarily, carelessly and unskillfully projected beyond the frame, beam or brake-head, in the way of the brakeman going to couple the cars; that the defendant negligently suffered the bolt to remain, without cutting off the projecting part thereof, and without informing the plaintiff of its dangerous condition; that the plaintiff, while going between said car and another to couple

them together, was tripped and thrown down by this project-
ing bolt, so allowed by the defendant to remain, and sustained
the injuries of which he complains." *

The defendant answered by a general denial, and an aver-
ment of contributory negligence on plaintiff's part.

At the trial, defendant objected to the introduction of any
evidence by the plaintiff, on the ground that the complaint
did not state facts sufficient to constitute a cause of action.
The objection was sustained, and the complaint dismissed.
From this judgment the plaintiff appealed.

For the appellant, a brief was filed by *J. W. Lusk*, and the
cause was argued orally by *W. F. Vilas*. They contended,
1. That the allegations of the complaint should be liberally
construed (Tay. Stats., 1443, § 23; *Jarvis v. McBride*, 18
Wis., 319), especially as the objection to it was first taken at
the trial. *Hazleton v. The Union Bank*, 32 Wis., 43; *L. E.
Church v. Gristgau*, 34 id., 328; *Teetshorn v. Hull*, 30 id., 152;
*White v. Spencer*, 14 N. Y., 247; *Cady v. Allen*, 22 Barb.,
388; *St. John v. Northrup*, 23 id., 25. 2. That if any alle-
gation of the complaint was ambiguous, the defendant's rem-
edy was by motion to have the complaint made more definite
and certain. Tay. Stats., 1443, § 24; *Bach v. Bell*, 7 Wis.,
437; *Morse v. Gilman*, 16 id., 507; *Williams v. Sexton*, 19
id., 43; *Rothe v. Rothe*, 31 id., 572. 3. That the master is
liable to his servant for injuries resulting to the latter from the
negligence of the master in furnishing for the use of the servant,
machinery, implements, materials or apparatus which the mas-
ter knew, or *ought to have known*, to be improper and un-
safe for the purposes for which they were to be used; and
that the complaint stated a cause of action under this rule.
*Ormond v. Holland*, 96 E. C. L., 100; *Lawler v. R. R. Co.*,
62 Me., 463; *Gilman v. R. R. Co.*, 10 Allen, 239; *Ford v.
R. R. Co.*, 110 Mass., 240; *Noyes v. Smith*, 28 Vt., 59;

---

* This statement of the contents of the complaint is taken from the opinion
of Mr. Justice COLE herein, as originally prepared.

*Ryan v. Fowler*, 24 N. Y., 414; *Wright v. R. R. Co.*, 25 id., 566; *Laning v. R. R. Co.*, 49 id., 533; *Flike v. R. R. Co.*, 53 id., 533; *Corcoran v. Holbrook*, 59 id., 517; *O'Donnell v. R. R. Co.*, 59 Pa. St., 239; *C. & N. W. R'y Co. v. Swett*, 45 Ill., 201; *I. C. R. R. Co. v. Welch*, 52 id., 183 (4 Am. R., 593); *Ryan v. Railway Co.*, 60 id., 171; *Strahlendorf v. Rosenthal*, 30 Wis., 674; *Bass v. Railway Co.*, 36 id., 463; *Brabbits v. Railway Co.*, 38 id., 289; 1 Redfield on R. W., 518; Alb. L. J., Jan. 31, 1874.

For the respondent, a brief was filed by *Smith & Lamb*, and the cause was argued orally by *F. J. Lamb:*

1. Where the employee of a railroad company, or other like corporation, receives injuries in the course of his employment, if such injuries are immediately caused by the negligence of some other employee *at the very time of the injury* (as where an engineer negligently runs his engine on the injured person), in order to show a cause of action against the master, it must be alleged and proven that the servant who did the injury was an unfit person for the place, and that the master knew it, and so was guilty of negligence in retaining such person in such employment. 2. Where the injury is caused by some *previous* negligence of the employee (as in the case in 32 Md., 410, where the brake apparatus was defective from such negligence, or the case in 38 Wis., 289, where the engine was out of order), it must be alleged and proven that the *master had notice* or knowledge of the defect in the machinery or apparatus previous to the injury, and had neglected to have it repaired or withdrawn from use. In the case at bar, there is no allegation that the employer or any one else had any notice that the bolt complained of was out of place, or the car defective. No facts, therefore, are stated showing negligence in the company. The following decisions fully sustain the ruling of the circuit court: *Anderson v. Railway Co.*, 37 Wis., 321, and cases cited; *Brabbits v. Railway Co.*, 38 id., 289; *Waller v. Railway Co.*, 2 Hurl.

& Colt., 102; *Wiggett v. Fox*, 11 Exch., 832; *C. & A. R. R. Co. v. Murphy*, 53 Ill., 336; *Wonder v. R. R. Co.*, 32 Md., 411.

Cole, J.   It seems to us that the complaint states a good cause of action.   It is a settled principle that the law imposed upon the defendant the duty of supplying and maintaining suitable cars and appliances for operating its road; and the company was bound to take due care, and use all reasonable means, to guard against defects in its locomotives and cars, which would endanger the lives and limbs of its servants and employees while in the performance of their duties.   Numerous authorities might be cited on this point, if necessary; but many of the cases will be found in the brief of respondent's counsel in *Brabbits v. The Chicago & Northwestern Railway*, 38 Wis., 290.   See also *Strahlendorf v. Rosenthal*, 30 Wis., 674.   It has often been made a question whether the master was liable to his servant for injuries caused by the negligence of a fellow servant in the same employment; but we did not suppose the master's responsibility was denied where, by his own negligence or malfeasance, he has enhanced the risk to which the servant is exposed beyond the natural risks of the employment; or has knowingly, and without informing the servant of the fact, used machinery defective in its construction, which has caused the injury.   The rule so clearly laid down by Cockburn, C. J., in *Clark v. Holmes*, 7 H. & N., 937–943, is quite applicable to the facts stated in this complaint.   He said:   "Where a servant is employed on machinery from the use of which danger may arise, it is the duty of the master to take due care, and to use all reasonable means, to guard against and prevent any defects from which increased and unnecessary danger may occur.   No doubt, when a servant enters on an employment from its nature necessarily hazardous, he accepts the service subject to the risks incidental to it; or, if he thinks proper to accept an em-

ployment on machinery defective from its construction, or from the want of proper repair, and with knowledge of the facts enters on the service, the master cannot be held liable for injury to the servant within the scope of the danger which both of the contracting parties contemplated as incidental to the employment. The rule I am laying down goes only to this, that the danger contemplated on entering into the contract shall not be aggravated by any omission on the part of the master to keep the machinery in the condition in which, from the terms of the contract or the nature of the employment, the servant had a right to expect that it would be kept."

Now, from the matters stated in the complaint, we must assume that the defendant, carelessly, negligently and contrary to its duty, took upon and used on its road a freight car defectively constructed, which rendered the employment of the plaintiff in coupling this car to others unnecessarily hazardous and unsafe. It is charged that the company carelessly and negligently omitted the usual and proper inspection of the car, or improperly inspected it, and also allowed the projecting bolt at the end of the car to remain without being cut off. The plaintiff was wholly unaware of the dangerous position of this bolt, and, while performing his duty, was thrown down by it and injured. These facts would seem to bring the case within the rule which imposes liability on the master for an injury to the servant occasioned by a defect in machinery furnished the servant to operate, where the master has been guilty of negligence in furnishing such machinery, or, knowing of a defect therein, fails to notify the servant of its existence. It is true, the defendant in the present ·case is a railroad corporation, and can only act through officers or agents. But this does not relieve it from responsibility for the negligence of its officers and agents whose duty it is to provide safe and suitable machinery for its road which its employees are to operate.

*By the Court.* — The judgment of the circuit court is reversed, and the cause remanded with directions to proceed herein according to law.