BESSEX VS. THE CHICAGO & NORTHWESTERN RAILWAY COMPANY.

RAILROADS: NEGLIGENCE: COURT AND JURY. *(1) Duty of company to employees. (2) When negligence of agent negligence of company. (3) Case stated. Evidence of negligence for the jury.*

1. It is the duty of a railroad company to keep its tracks free from obstructions which will render the moving of cars along them unnecessarily hazardous to its employees charged with that work; and if, in consequence of its neglect of that duty, such an employee is injured, the company may be liable for the injury.

2. In such a case, negligence of the agent of the company having the care and control of one of its yards, in permitting obstructions to accumulate along the tracks in such yard, is negligence of the company.

3. In an action against a railroad company for injuries to plaintiff's person, the evidence for plaintiff was, that he was employed to work in defendant's car-shops in a certain city; that it was his duty, when required by the yard-master, to assist in moving cars upon the side-tracks near the shops; that there was, and had been for more than a year before the injury, a small pile of lumber, eighteen inches or two feet high, so near one of the side-tracks that a person engaged in pushing a car along that track could not pass between the car and the pile, but must either pass over the top of the pile or leave his position at the side of the car and fall behind it; that plaintiff had worked for defendant about a month, and had assisted in moving cars, but whether on this particular track does not appear; that at the time of the accident, the boards (or some of them) which covered the pile to protect it from rain, had slipped partly off; that a slight snow had recently fallen; that plaintiff, by direction of the yard-master, was assisting in moving a car on said track, and was pushing hard, with his head down, and shoulder against a stake at the side of the car; that the persons engaged could hardly move the car, and were hallooing to push harder, keep it going, etc.; that he did not see the pile of lumber until he came upon it; that, in attempting to pass over the pile, he stepped upon a misplaced board, which gave way, and he was thrown down and his foot carried under the car and crushed; that in moving cars along that track, the men sometimes walked over the top of the pile, and at other times, on reaching it, fell back behind the car; and that, besides the yard-master and foreman of the shops, there was employed there a person styled a superintendent, who was frequently in and about the shops and the yard. *Held*, that, upon this evidence, the questions of defendant's negligence and plaintiff's contributory negligence were *for the jury*.

APPEAL from the Circuit Court for *Fond du Lac* County.

Action to recover damages for an injury sustained by plaintiff while in the employ of the defendant.

The case is thus stated by Mr. Justice TAYLOR:

"The injury is alleged to have been caused by defendant's negligence in permitting the ground in the immediate vicinity of a side-track of its road, where plaintiff, in the course of his employment, was required to pass and repass in moving cars, to become so obstructed as to render it unnecessarily dangerous to him in the performance of his duties.

"The evidence shows that plaintiff was employed to work in defendant's car-shops at Fond du Lac, and that it was his duty, when called upon by the yard-master or superintendent at that place, to assist in moving cars upon the side-tracks near such shop. At the time he received the injury complained of, he was assisting in moving a car on one of the side-tracks by direction of the yard-master, and, in pushing the car, he stepped upon some boards which formed the covering to a small pile of lumber eighteen inches or two feet high, which was piled within three or four feet of the track, and had been piled there for a year and more previous to the time of the accident. The pile of lumber was so near the track that the plaintiff, being on the side of the car, pushing it, could not pass between the pile and the car, and must either pass over the top of the lumber, or leave his position at the side of the car and fall behind it. At the time of the accident, the evidence tended to show that the boards, or one of them, which had covered the lumber to protect it from the rain, had slipped partly off; that a slight snow had fallen the night before; and that the plaintiff, who was pushing with his shoulder against a stake at the side of the car, stepped upon the displaced board, which gave way, and he was thrown down, and his foot was carried under the car on the track, and the car wheels passed over it, crushing his foot. The plaintiff had worked for the defendant about a month when the accident happened. He had assisted in moving cars before the accident; but the evidence was not positive that he had ever moved any cars on this particular side-track. The plaintiff testified that when he stepped on the boards, he

was pushing hard, with his head down and shoulder against the stake at the side of the car; that there was a great deal of hallooing going on; that they could hardly move the car, and they were hallooing, 'push harder, push harder, keep it going;' and that he did not see the pile of lumber until he came upon it.

"There was evidence of other witnesses that, in moving cars along that track, the men sometimes stepped upon the pile and walked along the top of it, and that at other times, when they came to the pile, they fell back behind the car. The evidence also showed that there was a man employed there who was called a yard-master, and another who was foreman of the shops; and that a man by the name of Hull, who was styled a superintendent, was frequently in and about the shops and yard. Immediately after the accident, the pile of lumber was removed."

Upon this evidence the circuit judge directed a nonsuit; and from a judgment entered in accordance with this order, the plaintiff appealed.

*E. S. Bragg*, for the appellant.

For the respondent, there was a brief by *Chas. A. Eldredge*, and oral argument by *A. B. Eldredge*.

TAYLOR, J. • We are of the opinion that the learned circuit judge erred in refusing to submit the case to the jury. The grounds relied on in the court below, and in this court, to sustain the nonsuit, are: first, that the negligence, if there was any shown, was the negligence of a coëmployee, and not the negligence of the defendant; and second, that the evidence shows that negligence of the plaintiff contributed directly to the injury.

The *gravamen* of the plaintiff's action, as stated in his complaint, is, that the defendant was guilty of negligence in permitting its way, which the plaintiff, by virtue of his employment, was compelled to use in moving cars about the yard, to become obstructed, and thereby unnecessarily increasing the dangers incident to such employment. The allegation in the complaint that the agent of the defendant having the care and

control of the yard permitted the obstructions to accumulate alongside of such tracks, is a sufficient allegation that the same was permitted to be done by the defendant itself.

We think that this case is governed by and comes within the rule laid down in the case of *Wedgwood v. The Chicago, & Northwestern Railway Co.*, 41 Wis., 478, and 44 *id.*, 44. In that case, the plaintiff, who was an employee of the defendant, claimed that he was injured by reason of the negligence of the defendant in permitting a freight car to be used on its road, the braking apparatus of which was out of repair. The defect complained of was, that a bolt was permitted to extend through the brake-beam a much longer distance than was usual or necessary, and that the unusual projection of such bolt rendered it more dangerous to pass by the end of the car, when in the act of coupling the cars, than it would have been had the bolt been of the ordinary length; that the plaintiff, in preparing to couple the cars, had occasion to pass between the same whilst they were in motion, and very near the end of the car having this projecting bolt in its brake-beam; and that, in so doing, the clothing of the plaintiff was caught by the projecting bolt, and he was thrown down across the track, and injured. The defendant demurred to the complaint on the ground that it did not state a cause of action. The first appeal to this court was from the order sustaining such demurrer. Upon that appeal, Justice COLE, who delivered the opinion of the court, says: " It has often been made a question whether the master was liable to his servant for injuries caused by the negligence of a fellow servant in the same employment; but we did not suppose the master's responsibility was denied where, by his own negligence or malfeasance, he has enhanced the risk to which the servant is exposed beyond the natural risks of the employment; or has knowingly, and without informing the servant of the fact, used machinery defective in its construction, which has caused the injury." He also quotes approvingly the rule laid down in *Clarke v. Holmes*, 7 H. and N., 937–943, as follows: " The rule I am laying down goes only to this, that the danger contemplated on entering into the contract shall not be

aggravated by any omission on the part of the master to keep the machinery in the condition in which, from the terms of the contract or the nature of the employment, the servant had the right to expect that it would be kept." Further along in the opinion, he says: "It is true, the defendant in the present case is a railroad corporation, and can only act through officers or agents. But this does not relieve it from responsibility for the negligence of its officers and agents whose duty it is to provide safe and suitable machinery for its road which its employees are to operate." The order sustaining the demurrer was reversed; and the cause was afterwards tried, and a verdict obtained for the plaintiff, from which the defendant again appealed to this court. This court sustained the verdict. Justice COLE, who wrote the opinion of the court on that appeal, says: "We have said the company was under obligation to use reasonable means to guard against defects in its cars. It was bound to exercise reasonable diligence in watching its cars, inspecting them, and keeping them in repair. This duty it owed its employees. The danger they incurred in entering its service was not to be increased by neglect or failure to perform this legal duty. And if there was a defect in the braking apparatus of the car in question, which had existed so long, or was of such a character, that the defendant, by the exercise of ordinary care, *could have discovered and repaired it*, it is liable for an injury sustained by an employee in consequence of such defect."

The same rule of liability was declared in the case of *Smith v. Railway Co.*, 42 Wis., 520. In this case the court say: "We adopt, as substantially correct, the language of the court of appeals in *Laning v. N. Y. C. R. R. Co.*, 49 N. Y., 521, that the duty of the master to the servant, or his implied contract with the servant, requires, 'that the servant shall be under no risks from imperfect or inadequate machinery, or from unskilled or incompetent fellow servants of any grade. It is a duty or contract to be affirmatively and positively fulfilled and performed. And there is not a performance of it until there has been placed for the servant's use perfect and adequate

physical means, and for his help-meets fit and competent fellow servants; or due care used to that end.   That some general agent, clothed with power and charged with the duty to make performance for the master, has not done his duty at all, or has not done it well, neither shows a performance by the master, nor excuses the master's nonperformance.   It is for the master to do, by himself or by some other.   When it is done, then, and not till then, his duty is met, or his contract kept.' " The same doctrine is held in *Brabbits v. Railway Co.*, 38 Wis., 289.

There is no distinction in principle between the cases above cited and the case at bar.   It is as much the duty of the railroad company to keep its track in proper repair, as it is to keep its machinery, engines and cars in such repair; and any neglect to keep them in such repair, or permitting the same to be obstructed in such manner as to increase unnecessarily the danger to its employees, is negligence for which the company may be responsible in case of an injury happening to an employee by reason of such want of repair or obstruction. The evidence in this case shows that it was a part of the duty of the employees in the workshop to assist in moving cars along the side-tracks in the yard.   And as a consequence it became the duty of the company to see that such tracks were not so obstructed as to render the performance of that duty unnecessarily hazardous.   Whether the pile of lumber lying within a few feet of the track along which the cars were to be moved, was, under the circumstances, an obstruction which unnecessarily increased the hazard of injury to the employees, was clearly a question for the jury, and not for the court.  See *Dorsey v. The Phillips & Colby Construction Co.*, 42 Wis., 583.  If the lumber pile was in fact such an obstruction as rendered the employment of the plaintiff unnecessarily hazardous, the fact that it had remained there for more than a year previous to the accident was sufficient evidence to charge the defendant with notice of such obstruction, and with negligence in permitting such obstruction to remain in the vicinity of the railroad track.   Within the decisions of this court,

the knowledge of the existence of this obstruction by the yard-master, whose duty it was to take charge and control of the yard and side-tracks, and see that the same were kept in proper order and repair, would be deemed the knowledge of the defendant company; and his negligence in not removing such obstruction within a reasonable time, would be the negligence of the defendant. In the language of the court in *Smith v. Railway Co.*, 42 Wis., 526, " the negligence or misconduct of the officer or employee whose duty it is to attend to these things, and who *pro hac vice* represents the company in the matter, is the negligence or misconduct of the company itself." *Craker v. Railway Co.*, 36 Wis., 657; *Bass v. Railway Co.*, id., 450–463; *Wedgwood v. Railway Co.* and *Brabbits v. Railway Co., supra.*

We do not think that the evidence is so clear that the negligence of the plaintiff contributed to the injury, as to justify the court in withdrawing that question from the jury. Under the decisions of this court, the burden of proof is upon the defendant to establish the fact that the negligence of the plaintiff contributed to the injury; and unless it conclusively appears from the plaintiff's own evidence, the court cannot order a nonsuit on that ground. *Hoyt v. City of Hudson,* 41 Wis., 105. In *Ewen v. R. R. Co.*, 38 Wis., 613–628, the court say: " But when circumstances leave the inference in doubt, and the court is unable to say that, upon the most favorable construction which can be given to the evidence for the plaintiff, there is nothing to submit to the jury, a nonsuit is improper." *Houfe v. Town of Fulton,* 29 Wis., 296; *Langhoff v. Railway Co.*, 19 id., 489. In the case of *Houfe v. The Town of Fulton,* it was held that the " question of contributory negligence is one eminently proper for a jury to determine, and when the evidence does not clearly and indisputably show such negligence or want of care on the part of a plaintiff, so as to leave nothing to submit to the jury on the opposite theory or position, a nonsuit should not be granted."

Without repeating the evidence upon this point, we are of the opinion that it does not clearly and indisputably show

Kloety vs. Delles.

that negligence on the part of the plaintiff contributed to the accident, and that the case should have been submitted.to the jury upon this point, as well as upon the other question in the case.

*By the Court.* — The judgment of the circuit court is reversed, and a new trial ordered.

RYAN, C. J., took no part.