HULEHAN vs. THE GREEN BAY, WINONA & ST. PAUL RAILWAY COMPANY.

*September 28 — October 23, 1883.*

MASTER AND SERVANT: NEGLIGENCE.   *Duty of railroad company to employees as to obstructions along track: Negligence of co-employee.*

A complaint alleging that a railroad company negligently suffered loose blocks of firewood, etc., to lie scattered about near its track at a certain station where the plaintiff and other brakemen were obliged to run along beside the track in the performance of their duties in coupling cars, thereby rendering the performance of such duties unnecessarily dangerous, and that the plaintiff in attempting to make a coupling at such station without any negligence on his part stumbled upon such a block of wood and was thrown between the cars and injured, but not showing that the plaintiff knew or was chargeable with knowledge of such obstructions along the track prior to the happening of the accident, is *held* to state a cause of action, within the rule of *Bessex v. C. & N. W. R'y Co.*, 45 Wis., 477.

APPEAL from the Circuit Court for *Wood* County. The action is to recover for personal injuries to the plaintiff, alleged to have been caused by the negligence of the defendant company.   The circuit court overruled a general demurrer to the complaint, and this appeal is by the defendant from the order overruling the demurrer.   It is alleged

in the complaint that on November 18, 1882, and for several years prior thereto, the plaintiff had been, and then was, in the employ of the defendant as brakeman; that his duty as such required him to go between freight and other cars for the purpose of coupling and uncoupling the same, using the appliances therefor provided by the company; and that it was the duty of the company to provide safe and suitable appliances therefor, and to keep its track in repair and free from obstructions, as well along the side of the track as within it, so as not unnecessarily to expose its employees to danger of personal injury. The complaint then proceeds as follows:

" The complaint of said plaintiff shows that, notwithstanding the duty of said defendant in the premises, the said defendant did, on or about the 18th day of November, 1882, and for a long time prior thereto, carelessly and negligently suffer and allow loose blocks of wood, fire-wood, and the like to lie scattered about near its said track, and along and close to the margins thereof, near the station on said road called Plover, aforesaid, and on the west side thereof, where the said plaintiff and other brakemen were obliged, in performing their duties, to run along-side of said track and couple and uncouple cars, thereby rendering it unnecessarily dangerous to said plaintiff and other brakemen in the performance of his and their duties.

" That on or about the said 18th day of November, 1882, and at or near the said place or station called Plover, while the said plaintiff was in the employ of said defendant, as aforesaid, it became the duty of said plaintiff, as brakeman, and necessary, that he should go quickly between a box car and a flat car to make a coupling, so called,— that is, to couple the box car, which was being pushed towards the flat car which was standing, to the flat car; that said plaintiff attempted to do so, as he was in duty bound to do, when his toe or foot struck against one of the said pieces or blocks of wood or

fire-wood, without any negligence or carelessness on his part, but wholly through the shiftlessness and carelessness of the said defendant, as hereinbefore set forth, and said plaintiff was thrown with great force head-first in between said cars, and to save himself from being cut in two, he caught hold of the draw-bar of the flat car at the same time as the draw-bar of the box or moving car came in collision with it, smashing two fingers of the left hand of said plaintiff, and permanently and for life maiming and crippling a third finger, so that two fingers had to be cut off entirely, and the third left comparatively useless; that said accident was caused wholly by the shiftlessness and carelessness of said defendant in allowing its said track, and the margins thereof, to be incumbered and obstructed by the said loose blocks of wood, and without any fault whatever on the part of said plaintiff."

The cause was submitted for the appellant on the brief of *Theo. G. Case,* and for the respondent on that of *Lusk & Perry.*

For the appellant it was contended, *inter alia:* 1. The complaint shows that the plaintiff was injured from the negligence of some one occupying the position of a fellow-servant, i. e., one whose duty it was to keep the track clear of obstructions. The company, therefore, is not liable. *Cooper v. M. & P. du C. R'y Co.,* 23 Wis., 668; *Naylor v. C. & N. W. R'y Co.,* 53 id., 661; *Howland v. M., L. S. & W. R'y Co.,* 54 id., 226; *Priestley v. Fowler,* 3 Mees. & W., 1; *Farwell v. B. & W. R. R. Co.,* 4 Met., 49; *Hayes v. Western R. R. Co.,* 3 Cush., 270; *Hutchinson v. Y., N. & B. R'y Co.,* 5 Exch., 343; *Wigmore v. Jay,* id., 354; *Seymour v. Maddox,* 16 Q. B., 326; *Skipp v. E. C. R'y Co.,* 9 Exch., 223; *Bartonshill Coal Co. v. Reid,* 3 McQ., 266; *Bartonshill Coal Co. v. McGuire,* id., 300. As to who are deemed fellow-servants in a common employment, see cases above cited; also, *Gillchannon v. S. B. R. R. Co.,* 10 Cush.,

228; *Brown v. Maxwell,* 6 Hill, 592; *Sherman v. R. & S. R. R. Co.,* 17 N. Y., 153; Pierce on Railroads, 359; 2 Thomp. on Neg., secs. 1034, 1037; *Conway v. B. & N. C. R'y Co.,* 9 I. R. C. L., 498; *M. & M. R'y Co. v. Smith,* 59 Ala., 245; *Gormley v. O. & M. R'y Co.,* 72 Ind., 31; *Wilson v. Madison R. R. Co.,* 18 id., 226; *Coon v. S. & U. R. R. Co.,* 5 N. Y., 492; *Columbus R. R. Co. v. Webb,* 12 Ohio St., 475; *N. O., J. & G. N. R. R. Co. v. Hughes,* 49 Miss., 258; *Holden v. Fitchburg R. R. Co.,* 129 Mass., 268. Courts will take judicial notice of the way in which railroads are managed. *Slater v. Jewett,* 85 N. Y., 61. 2. The plaintiff was guilty of contributory negligence, in not taking proper precautions to guard against patent defects. Pierce on Railroads, 374; *Cagney v. H. & St. J. R. R. Co.,* 69 Mo., 416; *Lovejoy v. B. & L. R. R. Co.,* 125 Mass., 79; *Wells v. B., C. R. & N. R. Co.,* 56 Iowa, 522. 3. He was also guilty of contributory negligence in attempting to couple cars while they were in motion. *Ferguson v. C. I. R'y Co.,* 58 Iowa, 293; *Muldowney v. I. C. R. R. Co.,* 39 Iowa, 615; *Marsh v. S. C. R. R. Co.,* 56 Ga., 274; *Williams v. Central R. R. Co.,* 43 Iowa, 396.

LYON, J.   The learned counsel for the defendant company frankly admit in their argument that if the facts stated in the complaint in this action are sufficient to bring the case within the rule of *Dorsey v. Construction Co.,* 42 Wis., 585, or of *Bessex v. C. & N. W. R'y Co.,* 45 Wis., 477, the demurrer was properly overruled.   But they seek to distinguish this case from both the above cases, and the grounds of distinction urged (if we correctly understand their argument) are that the averments of the complaint herein show conclusively (1) that the plaintiff himself was guilty of negligence which contributed directly to cause the injuries of which he complains; and (2) if the plaintiff was not thus negligent, that the injury was caused by the negligence of his co-

employees, for which the defendant is not liable. Neither of these propositions of fact was conclusively established in either of the two cases above cited.

The argument that the plaintiff is chargeable with contributory negligence seems to rest entirely upon the assumption that the complaint shows the plaintiff had been accustomed for several years to couple and uncouple cars at Plover, the station where he was injured, and hence that the plaintiff is chargeable with notice of the presence of the obstructions, and with the duty of avoiding them. We find no such averment in the complaint, or any averment inconsistent with the hypothesis that, when injured, the plaintiff was coupling cars at that station for the first time, and then first became aware that the obstructions complained of were on or near the track. It may be that the plaintiff knew of the obstructions, and, in the exercise of reasonable care, ought to have avoided them; but the complaint does not show that such were the facts. That can only be determined upon the evidence.

As to the claim that the complaint shows the injury to have been caused by the negligence of a co-employee, it is sufficient to say that the complaint charges throughout that the injuries complained of resulted from the negligence of the defendant company in respect to a matter wherein the company owed, or may have owed, a duty to the plaintiff.

We think the case is ruled by *Bessex v. C. & N. W. R'y Co.*, *supra*, and the cases there cited, and hence that the demurrer to the complaint was properly overruled.

*By the Court.*— Order affirmed.