## GOLL *v.* MANHATTAN RY. CO.

*(Superior Court of New York City, General Term.* May 6, 1889.)

1. NEGLIGENCE—WHAT CONSTITUTES—PROVINCE OF JURY.
    Where it appears that the cylinder of an engine on defendant's elevated railroad burst, and that a fragment struck plaintiff, who was in the street below, negligence may be inferred from the nature of the accident, and the question should be submitted to the jury.

**2. EVIDENCE—MEDICAL EXPERTS—IRRELEVANT TESTIMONY.**

The fact that medical experts, testifying as to the nature and extent of injuries received, are permitted to include in their answers statements, considerations, and analogies, not always pertinent to the matter in litigation or responsive to the questions, is not of itself erroneous, as the necessities of the case may require it. The testimony is only as to the opinions of the witnesses, which it is the province of the jury to consider, under instructions from the court.

**3. TRIAL—INSTRUCTIONS.**

A charge must be considered as a whole, and if, taken as a whole, it conveys to the jury the correct rule of law on the given question, the judgment will not be reversed, though detached sentences may be erroneous.

Appeal from jury term.

Action by Frederick Goll against the Manhattan Railway Company for damages for personal injuries. Defendant appeals from judgment entered on verdict of jury in favor of plaintiff.

Argued before SEDGWICK, C. J., and O'GORMAN, J.

*Davies & Rapallo,* for appellant. *Burnham & Watson,* for respondent.

O'GORMAN, J. The plaintiff, while walking on the sidewalk of the Bowery, immediately under the track of the defendant's elevated railroad, was struck by a heavy piece of metal, which fell from one of defendant's cars, passing above. This piece of metal was part of the cylinder of the defendant's locomotive. This cylinder had suddenly burst, scattering numerous fragments on the sidewalk. The jury returned a verdict for the plaintiff, and the defendant appeals on the ground of various alleged errors committed at the trial. The learned trial judge held, without objection, that there was no evidence of any contributory negligence on the part of the plaintiff, and that the plaintiff had no right to expect from the defendant the same degree of care in protecting him from injury that he would have been entitled to receive if he had been a passenger on one of its cars. The trial judge also held that, from the nature of the accident itself, negligence on the part of the defendant might be inferred; and on this ground, chiefly, denied the defendant's motion for dismissal of the complaint, made at the close of the plaintiff's evidence. The trial judge was justified in so ruling, on the authority of *Cosulich* v. *Oil Co.,* 55 N. Y. Super. Ct. 384, 394; *Gerlach* v. *Edelmeyer,* 47 N. Y. Super. Ct. 292; *Caldwell* v. *Steam-Boat Co.,* 47 N. Y. 282.

The exceptions to the admission of certain testimony of medical experts as to the nature and extent of the injuries received by the plaintiff, and as to the reasonable certainty that the ill effects of these injuries would be permanent, were, in my opinion, not well taken. There is, not uncommonly, some difficulty experienced in confining the answers of such witnesses to the precise questions put to them, and they are apt, perhaps from the necessity of the case, to include in their answers statements, considerations, and analogies not always pertinent to the matter in litigation or responsive to the questions put to them. But their testimony is only as to their own opinions, which it is the province of the jury to consider, as far as it may be applicable to the case on trial, and under the instruction of the court, when such instruction may be necessary. I see no reason to believe that the testimony of the medical experts in this case in any degree misled the jury, or did any injustice or injury to the defendant.

As to the defendant's exceptions to the judge's charge, and to his refusal to charge as requested: The defendant's counsel, apprehending that a part of the charge might convey the idea that it was the duty of the defendant to build a shield under its superstructure, asked the court to charge "that the defendant was not obliged to build a shield or screen under its superstructure, and the jury are not to consider that in determining the question of negligence." The court refused to charge except as already charged, and the defendant's counsel excepted. This request seems to have been unnecessary; for, in fact, the court had previously, in general terms, but with suffi-

cient clearness, charged on the subject as far as the defendant had a right to require, in the following words: "But they were not bound, as against persons who were not passengers, to add to the construction and equipment of their road and its cars the best and most select safeguards which human skill and ingenuity from time to time have invented and brought into use to prevent accidents. Such rule applies only to passengers. As against all other persons who had a right to use the streets in common with them,—and the plaintiff comes within this rule,—they discharged their duty if they adopted that which, under all the circumstances and in view of the peculiar structure of the road, inclusive of the danger to be apprehended, was reasonably adequate and safe. If they thus discharged their duty, under all the circumstances, they are not to be held liable solely by reason of the fact that at the time and place of the accident they had no shield or screen under the structure." A charge to the jury must be considered, as to its purpose and effect, not piecemeal, in separate parts, but as a whole, and if, taken as a whole, it conveys to the jury the correct rule of law on the given question, the judgment will not be reversed, even although detached sentences may be erroneous. *Caldwell* v. *Steam-Boat Co., supra,* 286. It is not necessary, however, to invoke the aid of this opinion of the court in the present case. The part of the charge above set forth, following, as it did, the part objected to by the defense, sufficiently explained the meaning and intention of the court, and prevented any possible interpretation, to the detriment of the defendant, not sustained by the evidence. An examination of the whole case has convinced me that no substantial error has been committed at the trial, and that the judgment should be affirmed, with costs.

SEDGWICK, C. J., concurs.