Banks v. City of Effingham.

63   221
191s  448

## Lottie F. Banks, Adm'x, v. The City of Effingham.

1. MASTER AND SERVANT.—*What Are Not Hazards of the Employment.*—When the master calls the servant from a place of safety and commands him to work in a place of danger, without warning him of the increased hazard, it can not be said that the danger is an obvious one, or a risk incidental to the kind of work, or a hazard voluntarily assumed by the servant.

2. QUESTIONS OF FACT—*Negligence and Ordinary Care.*—Questions as to whether or not the master is guilty of negligence, or the servant was in the exercise of ordinary care at the time of his injury, are questions to be passed upon by the jury under the evidence to be adduced by the parties, and not to be summarily settled upon the basis of common knowledge and experience, on a demurrer.

Trespass on the Case.—Death from negligence, etc. Error to the Circuit Court of Effingham County; the Hon. SILAS Z. LANDES, Judge, presiding. Heard in this court at the August term, 1895. Reversed and remanded. Opinion filed March 7, 1896.

WOOD BROS. and E. N. RINEHART, attorneys for plaintiff in error.

B. F. KAGAY and GILMORE & GILMORE, attorneys for defendant in error.

MR. JUSTICE SCOFIELD DELIVERED THE OPINION OF THE COURT.

Plaintiff in error contends that the court below erred in sustaining a general demurrer to the six counts of the declaration in this case.

The first four counts are so clearly insufficient that they will receive no further attention in this opinion.

The fifth count alleges in substance that the city of Effingham, having lawful authority so to do, was engaged in constructing a ditch, or sewer, in one of its streets; that the ditch had perpendicular walls, and was made by digging down from the surface of the ground; that there was great danger of injury to workmen from the caving in of the earth unless the walls were braced; that the prosecution of

the work required a skilled superintendent, who should have knowledge of the matter of bracing, and should have charge of the work and workmen; that it was the duty of defendant in error to brace the walls for the safety of its employes; that the walls were not braced, or otherwise secured; that a superintendent was put over the work, but that he was wholly incompetent and without experience; that Samuel A. Banks, who had been working near the surface for five days, was wholly ignorant of the risks and dangers of his employment, or that bracing was necessary, or even that it was ever done; that defendant in error had full knowledge and notice of the foregoing facts; that defendant in error, by its said superintendent, commanded said Banks to work at a certain point thirteen feet below the surface, where there was great danger, and where the walls were unsupported, without giving said Banks any warning or advice; and that while said Banks was working at this place and exercising all due care and diligence, he was killed, without fault or negligence on his part, by the caving in of the wall.

Defendant in error advances certain propositions of law in support of the action of the court in sustaining the demurrer to this and other counts of the declaration. Among these propositions are the following:

" In performing the duties of his place, a servant is bound to take notice of the ordinary operation of familiar natural laws, and to govern himself accordingly.

" He is bound to use his eyes, and, if he fails to do so, he can not charge the consequences upon his master.

" Where an employment is attended with danger, a servant engaging in it assumes the hazards ordinarily incident to it, and, if he receives injury from an accident which is an ordinary peril of the service undertaken by him, he can not recover damages for such injury.

" A master is not bound to warn servants against obvious dangers, or to employ ' look-outs' or other servants to keep watch for dangers naturally incident to the employment, and perils that are liable from the nature of the work to be encountered; nor is a master bound to take greater care of the servant than the servant takes of himself."

It may be conceded that these and similar propositions state the law correctly, and yet the fifth count may be sustained as setting forth a good cause of action. It must be remembered that the question here is not one of the effect of evidence, but of the force of allegations, which, as far as they state facts, and are well pleaded, are conclusively presumed to be true when attacked by a demurrer.

The allegations of this count show that the excavation of the ditch, without supporting the walls in any manner, was dangerous to the workmen, but that Banks had no knowledge of this fact, and, after the exercise of reasonable diligence, was uninformed of his peril. In such case, if the master has actual knowledge of the danger, and does not impart that knowledge to an inexperienced workman, known to the master to be ignorant of the risk, there is an element of willfulness in the master's negligence, which takes the case out of the operation of the rules of law upon which counsel for defendant in error rely. Certainly the servant does not assume the risks resulting from the gross negligence of the employer, and the acts charged in the fifth count of the declaration amount to willful or gross negligence.

A case in point is Johnson v. First National Bank of Ashland, 79 Wis. 414, in which it was held that a corporation, whose building superintendent causes an excessive weight of snow or debris to be thrown and left upon the roof of a shed, in consequence of which it falls upon and injures an employe, who works under it by the superintendent's direction, is guilty of negligence and liable for the injury to the employe, if he himself is in the exercise of ordinary care, and that the employe can not be held to have assumed the risk of working under the shed, if he had no knowledge of the danger arising from the increased weight upon the roof. See, also, Consolidated Ice Machine Co. v. Kiefer, 26 Ill. App. 466, and Wharton on Negligence, Sec. 206.

The sixth count of the declaration presents even a better cause of action than the fifth. The particular element of danger charged in the sixth count, was the existence of pockets or deposits of quicksand near the bottom of the ditch. One may know that the walls of a ditch may fall,

in rare instances, from the weakness of the underlying strata; but he may not know that there are deposits of quicksand at a particular place to increase the hazard, and he may have no opportunity of ascertaining this fact until the yielding of the treacherous foundation places him in imminent peril. In this case the superintendent knew that deposits of quicksand had been encountered, and that Banks was ignorant of the fact and could learn of his danger only by experiment; and yet he called this workman from a place of safety and commanded him to work in a place of extreme danger, without warning him of the increased hazard. In such case it can not be said that the danger was an obvious one, or a risk incidental to this kind of work, or a hazard voluntarily assumed by the workman.

Whether or not the defendant in error was guilty of negligence in not bracing the walls of the ditch, or warning the deceased workman of the hazards of his employment; whether or not the risk was an obvious one under the circumstances of the case; whether or not the workman was in the exercise of ordinary care at the time when he was buried alive: these and other questions presented by the pleadings should be passed upon by a jury, under the evidence to be adduced by the parties, and not summarily settled here upon the basis of common knowledge and experience. Huddleston v. Shop, 106 Mass. 282; Wharton on Negligence, Sec. 217.

For the error in sustaining the demurrer to the fifth and sixth counts of the declaration, the judgment is reversed and the cause is remanded.