(40 App. Div. 441.)

### KISTER v. MANHATTAN RY. CO.

(Supreme Court, Appellate Division, First Department. May 19, 1899.)

1. STREET RAILROADS—INJURIES TO PEDESTRIAN UNDER ELEVATED ROAD—EVIDENCE.

> Evidence that an injury was caused by the falling of coals and cinders from a locomotive of an elevated railway company makes a prima facie case of negligence against the company.

2. SAME.

> Evidence that, as a train was passing on an elevated railway, burning coals and cinders were seen to fall, and at the same time plaintiff, who was walking underneath, was struck on the forehead and rendered unconscious. and that the wound ·showed evidence of burns, and contained foreign substances resembling coal, is sufficient to go to the jury, on the question whether the injury was caused by coals falling from the engine.

Appeal from trial term, New York county.

Action by Lena Kister, by Barnett Kister, her guardian ad litem, against the Manhattan Railway Company. From a judgment dismissing the complaint, plaintiff appeals. · Reversed.

Argued before VAN BRUNT, P. J., and BARRETT, RUMSEY, PATTERSON, and O'BRIEN, JJ.

Franklin Pierce, for appellant.

E. C. James, for respondent.

VAN BRUNT, P. J. This action was brought to recover damages alleged to have been sustained by the plaintiff as the result of burning coals falling upon her, which escaped from one of the engines of the defendant as it was running upon its road. It appeared from the evidence that on the 12th of February, 1896, the plaintiff, a girl of about 14 years of age, had been visiting her aunt, at No. 158 Allen street, through which street the defendant's railroad runs; the track being partially above the sidewalk. Between the hours of 6 and 7 in the evening the plaintiff, with her mother and a friend (Miss Sherman), came out of No. 158 Allen street, and started north, to go to the house of another aunt of the plaintiff, at No. 179 Allen street. The plaintiff was walking under the railroad track, near the curb; next to her was Miss Sherman, and next to Miss Sherman was the plaintiff's mother; a short distance behind were the plaintiff's uncle Mr. Crossman, and a Miss Pilk. As they were walking along, an elevated train passed overhead, and, as it was passing, burning cinders, coals, and sparks of fire were seen to fall; and at the same time the plaintiff was struck upon the side of the forehead, and burned and bruised so that she became unconscious. It appears from the evidence, that, upon dressing the wound, foreign substances were found in the wound, which appeared to be coal, and also dirt. There were evidences of burns about the wound. Upon this state of facts the court dismissed the complaint, and from the judgment thereupon entered, and from an order denying a motion for new trial, this appeal is taken.

It is urged upon the part of the respondent that the plaintiff not only failed to establish that she was injured by anything coming from the elevated railroad train or structure, but that she also failed to

prove that the defendant was guilty of negligence. It seems to us that, if there was evidence sufficient for the jury to find that this wound was caused by live coals falling from the engines of the elevated railroad train, there was certainly a prima facie case of negligence made out against the defendant. The defendant has no exclusive use of or right to any part of the street, except such as is necessary to support its structure, and it is bound to operate its road with due respect to the rights of the passers-by beneath its structure. It has no right to heap coals of fire upon the heads of passers-by, no matter with how much care or circumspection it is done; and no case has yet been decided by any court which holds the contrary of this proposition. The case of Searles v. Railway Co., 101 N. Y. 661, 5 N. E. 66, by no means supports any such proposition. There, it was a solitary floating cinder which happened to get into the plaintiff's eye; it did not appear whether it came from the smokestack or from the ashpan; and there was affirmative proof that all the appliances connected with the engine were in complete and perfect repair. That case in no way countenances the claim that in the operation of the elevated railroad the defendant can shower its burning cinders down upon passers-by, and be relieved from all responsibility for any damages caused thereby. It was certainly sufficient upon the part of the plaintiff to show that the damage arose from cinders falling from the engine of the elevated train, in order to make out a prima facie case. From the evidence in the case at bar the jury had a right to assume (although the proof was not absolutely direct) that the burning coal, if such caused the injury to the plaintiff, came from the locomotive which was passing over her head, throwing its cinders down upon the street as it proceeded. In the case of Volkmar v. Railway Co., 134 N. Y. 418, 31 N. E. 870, it was held that the falling of a bolt from the elevated railroad structure, which caused an injury, was prima facie evidence of negligence. So, in this case, the falling of the burning cinders was prima facie evidence of negligence upon the part of the defendant. There was proof in connection with the plaintiff's accident from which the jury might infer that the wound inflicted resulted from burns, and that burning cinders were at this time falling from the elevated structure; and hence there were facts before the jury from which the inference might be drawn that the injury was caused by some of these burning cinders, there being no other explanation of the result which was established. There are undoubtedly circumstances connected with the character of the wound and its severity which would seem to militate against the idea that the injury to the plaintiff was caused by any burning coals or cinders falling from the defendant's tracks, but this was a matter to be considered by the jury in determining the question as to whether the evidence justified the conclusion that the injury was so caused. The plaintiff is not bound to establish her case by absolutely positive evidence, but she may prove such circumstances as lead to the conclusion. Our attention has been called to the case of Ruppert v. Railroad Co., 154 N. Y. 90, 47 N. E. 971; but an examination of that case will show that it differs materially from the one at bar. In that case the damage was caused by a paving stone lying upon the street near the track of the

defendant, which it was then engaged in repairing and paving between the rails, and carting stones for that purpose; and it was held that this evidence was insufficient, because it appeared that the stone in question was of a kind different from that used by the defendant, and was of the same kind as those which were being used by other parties in paving the streets in the vicinity, and which were carted through the street in question. If, in the case at bar, it had appeared that the live coal and cinders which were being dropped upon the street were of a different kind from that which the defendant was in the habit of allowing to fall, and were of a kind which some one else was in the habit of scattering in this vicinity, the cases would have been parallel. But the one essential element going to show that, if the plaintiff was burned by live coals falling upon her while walking under the elevated structure, they might have come from some other source than the defendant's road, is wanting.

We are of the opinion, therefore, that the court erred in taking the case from the jury, upon the evidence contained in the record before us, and that the judgment and order should be reversed, and a new trial ordered, with costs to the appellant to abide the event. All concur.