### LANGLEY v. METROPOLITAN ST. RY. CO.

(Supreme Court, Appellate Term. October, 1901.)

STREET RAILROADS—NEGLIGENCE—UNEXPLAINED ACCIDENT—RES IPSA LOQUITUR.
   Plaintiff was injured by the sudden and unexplained stopping of defendant's street car, and on trial introduced proof of such occurrence and rested. Defendant introduced four of its employés, who testified to the use of the best-known appliances, careful supervision, and skillful service. *Held*, that the dismissal of plaintiff's case was error, since under the doctrine of res ipsa loquitur proof of the accident cast the burden of explanation on defendant.

Appeal from municipal court, borough of Manhattan, Sixth district.

Action by Leland H. Langley against the Metropolitan Street Railway Company. From a judgment in favor of defendant, plaintiff appeals. Reversed.

Argued before McADAM, P. J., and MacLEAN and SCOTT, JJ.

Russell & Percy (Walter B. Safford, of counsel), for appellant.
G. Glenn Worden, for respondent.

McADAM, P. J. The plaintiff boarded a north-bound Broadway car at Twenty-Ninth street, in the borough of Manhattan, January 11, 1901, about 7:50 p. m. The car was crowded, and the seats and aisle occupied. Plaintiff was unable to get inside, and therefore stood on the rear platform. He paid his fare. The car proceeded to Thirty-Fifth street, where it stopped. Then it got under way with accelerated speed, and, while moving rapidly, stopped suddenly with a crash opposite the Marlborough Hotel. Plaintiff was thrown forward against the rear windows of the car. All the windows of the car were smashed, plaintiff's hat was smashed, he was stunned, cut with glass, his tooth loosened, and otherwise injured. Plaintiff put in proof of the accident and injury and rested. Defendant put four employés as witnesses on the stand. They testified to the use of the best-known appliances, to careful supervision, and skillful service. On this proof the court dismissed the complaint, and declined to allow the plaintiff to go to the jury on the question of negligence. This was error. When the thing causing an injury is under the control of the defendant, and the accident is such as in the ordinary course of business would not happen if reasonable care was used, it affords, in the absence of explanation by the defendant, sufficient evidence that the accident arose from want of care on its

part.   Breen v. Railroad Co., 109 N. Y. 297, 16 N. E. 60, 4 Am. St. Rep. 450; Volkmar v. Railway Co., 134 N. Y. 420, 31 N. E. 870, 30 Am. St. Rep. 678; Hogan v. Same, 149 N. Y. 23, 43 N. E. 403; Griffen v. Manice, 166 N. Y. 188, 59 N. E. 925, 52 L. R. A. 922, 82 Am. St. Rep. 630; Kister v. Railway Co., 40 App. Div. 441, 58 N. Y. Supp. 132; Goll v. Same, 5 N. Y. Supp. 185, affirmed in 125 N. Y. 714, 26 N. E. 756.   This is according to the doctrine of res ipsa loquitur, which applies where the thing speaks for itself; that is, where the situation of the parties and the peculiar nature of the circumstances attending the accident point to breach of duty on the part of the defendant so cogently as to create a presumption of negligence against the defendant in the first instance, which it is required to overcome.   In Seybolt v. Railroad Co., 95 N. Y. 562, 47 Am. Rep. 75, the court laid down the following general rules applicable to cases similar to the one at bar:

"While in an action against a railroad corporation the burden of showing negligence on its part occasioning an injury rests, in the first instance, upon plaintiff, proof that the injury was the result of an accident which would not ordinarily have happened had the track and machinery been in proper condition, and the latter operated with proper care, is sufficient, and the onus then rests upon the defendant to prove that the injury was caused without its fault."

The witnesses called by the defendant were all employés, interested to an extent, at least, in the result of the action, and the case ought to have gone to the jury on the question of negligence on the part of the defendant as well as contributory negligence on the part of the plaintiff.   It was for the jury to say whether the explanation given by the defendant's witnesses was satisfactory; or whether, taken in connection with the plaintiff's proofs, there was a failure to prove negligence on the part of the defendant: or whether, in the light of all the proofs, the plaintiff had not fully sustained the burden of evidence.

Judgment reversed, and new trial ordered, with costs to appellant to abide event.   All concur.