Blazinski vs. Perkins.

## BLAZINSKI, Appellant, vs. PERKINS, Respondent.

*April 29 — May 20, 1890.*

*Master and servant: Personal injuries: Defective appliances: Evidence: Instructions to jury: Negligence of co-employee.*

1. In an action for personal injuries caused by the fall of a scaffold upon which plaintiff was at work, and which was alleged to have been defectively constructed, it was not error to permit the jury to take to their room a model of the scaffold which had been used by the defendant's witnesses to illustrate how it was built, although such model had not been formally introduced in evidence, and the testimony as to its correctness was conflicting.

2. The plaintiff having told the carpenters who built the scaffold not to put a brace in the middle of it, as they were about to do, because it would be in his way and he would have to take it out, and that the scaffold was all right without it, an instruction that "*a mere suggestion* of the plaintiff that he thought the middle brace was not needed, would not excuse the defendant for not putting the same in its place, if it was necessary to make the scaffold safe," was not applicable to the facts and was properly refused.

3. Evidence of what the plaintiff told a witness through an interpreter should not be excluded as hearsay.

4. Brick-masons and their attendants, in the employ of the same person and engaged in the same work upon the same scaffold, are co-employees, and the employer is not liable for an injury to one through the negligence of another.

APPEAL from the Circuit Court for *Marinette* County.

Action to recover damages for personal injuries caused by the fall of a scaffold alleged to have been defectively constructed. The facts will sufficiently appear from the opinion. The plaintiff appeals from a judgment in favor of the defendant.

For the appellant there was a brief by *Hudd & Wigman*, and oral argument by *J. H. M. Wigman*. They contended, *inter alia*, that the instructions to the jury were in opposition to the rule adopted by this court, that when the injury is traceable to the primary negligence of the defendant, the plaintiff's right of recovery cannot be defeated by showing contributory negligence on the part of a co-employee for whose acts the plaintiff is not responsible. *Stetler v. C. & N. W. R. Co.* 46 Wis. 497; *S. C.* 49 id. 609; *Atkinson v. Goodrich Transp. Co.* 60 id. 141; Wood on M. & S. 821, 825; *Mathews v. McDonald*, 3 Sess. Cas. (3rd series), 506; *Flike v. B. & A. R. Co.* 53 N. Y. 555; *Rose v. B. & A. R. Co.* 58 id. 219; Wharton on Neg. 234.

For the respondent there was a brief by *Fairchild & Fairchild*, and oral argument by *H. O. Fairchild*.

ORTON, J. The defendant was building a brick block, and employed the plaintiff and other brick-masons to lay the brick, and certain carpenters to do the wood-work. It became necessary to build a scaffold on which the plaintiff and another mason could stand to lay brick, and two of the carpenters, under a foreman, built the scaffold in some haste, as the masons were waiting for it. The plaintiff stood by and saw the work on the scaffold done, or at least the finishing part of it. There was testimony that the carpenters had prepared a brace to be placed in the middle of it, and which they thought was necessary to make the scaffold safe, and were about to put it in, when the plaintiff told them not to do so, as it would be in his way, and if they put it in

he should have to take it out, and that the scaffold was all right without it. There was also testimony that a fellow-workman, on the scaffold with the plaintiff, knocked off with a hammer a stay-brace at some other part of the scaffold, and that these defects caused the scaffold to fall, and that it fell soon after the said stay was removed. There was some evidence tending to show that the scaffold was overloaded with brick. After working on this platform three or four hours, it fell and carried with it the plaintiff, his fellow-workman, and an attendant, and injured the plaintiff very seriously.

The jury found a verdict for the defendant. On this appeal from the judgment the learned counsel of the appellant assigns several errors of law, which will be disposed of in their order.

1. It seems that the foreman of the carpenters who put up the scaffold made a model of it, and such model was used by the witnesses of the defendant to illustrate to the jury how it was constructed. There was testimony that it was a correct model of the scaffold, but this was disputed by the plaintiff. It was not formally introduced in evidence, but the jury were allowed to take it to their room. This is assigned as error. The model became a necessary part of the witnesses' testimony, to go to the jury as such. It was not used as independent testimony of the real construction of the scaffold, but only to explain the testimony of the witnesses. This court very recently decided that an unrecorded plat of lots might be used in the same way, and might be formally introduced in evidence, and used by counsel on the argument. *Meinzer v. Racine*, 74 Wis. 166. The model so used and taken by the jury was only to show what the witness testified to, and would not corroborate the testimony in the least. It would be like a pencil drawing made by a witness on the stand, in the presence of the jury, to illustrate or explain his oral evidence. The use of the

model in this way seems to have been proper. See the authorities cited in the above case.

2. The witness Horde, the foreman, testified that when they were about to put in that brace the plaintiff said: *"No use putting in that, because, if he put it in, they would take it out; no need of it; was in their way."* The witness added: " My men told me he [plaintiff] said so." The plaintiff's counsel moved that the above testimony of the witness be stricken out as hearsay, and the court denied the motion. This testimony was explained as follows: The witness Horde did not understand English, and, when the plaintiff said this to them,— that is, to the witness and two other persons who were making the scaffold,— he asked one of the others what he said, and he translated it to him as above, in the presence of the plaintiff. It follows, then, that the plaintiff said this to Horde through an interpreter. When so translated, the plaintiff tacitly assented to its correctness. It was no more hearsay than any evidence given through an interpreter.

3. The court instructed the jury, in effect, that if any of those working on the scaffold with the plaintiff, negligently overloaded the scaffold with brick, which caused it to fall, it would be the negligence of a fellow-employee, for which the plaintiff could not recover of the defendant. This is claimed to be erroneous, and the learned counsel of the appellant cites authorities which show that the fact that some one else besides the defendant contributed to produce the injury would not be a defense. But in all such cases the person who thus contributes is a stranger, not connected with the plaintiff as a fellow-servant or co-employee, as in *Atkinson v. Goodrich Transp. Co.* 60 Wis. 141. The persons working on the scaffold were the plaintiff, another brickmason, a carrier of brick, and a carrier of mortar, engaged in the same work and employed by the same person. There can be no question but that they were co-employees, and, if the plaintiff was injured through their negligence, the de-

fendant is not responsible to the plaintiff for it. This has been too often decided by this court to require authorities. The court stated hypothetically the facts which would make them co-employees, and then stated the law applicable to such facts correctly.

4. The court, in instructing the jury, said: "The testimony tended to show that there were two hundred bricks or upwards on the scaffold." This was not erroneous, as claimed by the counsel. There was testimony that there were from 200 to 250 bricks on the scaffold when it fell, and that such a number was not necessary.

5. The learned counsel asked the court to instruct the jury that " a mere suggestion of the plaintiff that he thought the middle brace was not needed would not excuse the defendant for not putting the same in its place, if it was necessary to make the scaffold safe." This instruction was refused, and very properly, for it was not applicable to the case made by the evidence. The plaintiff did not make a mere suggestion that it was not needed, but he told the carpenters not to put it in, and that if they did he would take it out, and that it would be in his way, etc.

There are some other exceptions to the instructions on the ground that the court misstated the evidence to the jury. The court in every instance stated only that the defendant claimed the evidence to be so, or that it tended to prove certain facts, or if they should so find,— the common form of instructions. They do not seem to be liable to the criticisms made on them. The verdict seems to be sustained by the evidence, and it does not appear that the court committed any errors of law on the trial.

*By the Court.*— The judgment of the circuit court is affirmed.