Johnson vs. The Ashland Water Co.

JOHNSON, Respondent, vs. THE ASHLAND WATER COMPANY, Appellant.

*May 1 — May 20, 1890.*

*Master and servant: Injury from negligence: Fellow-servants: Warning of danger.*

1. The foreman in charge of the work of laying water-mains for the defendant, was personally engaged in calking certain iron pipes which had been placed for that purpose upon blocks. The plaintiff, while helping him to raise the pipes, was injured by one of them falling from the blocks. *Held,* that the negligence, if any, of the foreman in not properly securing the pipes upon the blocks was the negligence of a fellow-servant of the plaintiff, for which the defendant is not liable.

2. The evidence (stated in the opinion) is *held* not to show a failure on the part of the defendant to employ a sufficient number of men or to furnish proper appliances to do the work safely.

3. Where the dangers of an employment are obvious to any one of ordinary intelligence, the employer is under no legal obligation to warn an employee thereof.

APPEAL from the Circuit Court for *Ashland* County.

This is an action to recover damages for personal injuries sustained by the plaintiff through the alleged negligence of the defendant company.

At the time of the injury the company was operating water-works at Ashland, and was extending the same. The ditching for the mains was done by independent contractors, and the plaintiff was in their employ. The calking and laying of the pipes in the trenches was done directly by the company, under the supervision of its general superintendent, one Pooley. When he was absent one Gandsey was foreman of the work and had exclusive charge of it. At the time the accident occurred, Pooley was temporarily absent. Gandsey had placed three of the iron pipes upon shingle blocks near the trench, for the purpose of calking them. These pipes were each twelve feet long, six inches in diam-

eter, and weighed 300 pounds each. One block was placed under each pipe, near the end. Gandsey desired to raise one of the joints about an inch, to place it in a level position. Plaintiff was working upon the trench near the pipes. Gandsey called on him for assistance, and directed him to lift the joint. He did so, using a stick of cord-wood for a lever, when the pipes rolled off the blocks, and one of them fell against and broke the plaintiff's leg, which is the injury complained of.

The negligence alleged was the failure of the company to furnish suitable implements and appliances, and a proper number of men, to do the work safely. Plaintiff was not an expert in the business of laying pipes. Some months later the plaintiff signed a written satisfaction for and release of the company from all damages on account of his injuries. The testimony tended to show that the plaintiff signed such instrument without knowing its contents, and without any intention to release the company.

The foregoing facts were proved on the trial, together with certain other facts stated in the opinion. At the close of the trial the defendant asked the court to instruct the jury to return a verdict in its favor. This proposed instruction was refused. The jury found for the plaintiff, and assessed his damages at $2,000. A motion by the defendant for a new trial was denied, and judgment entered for the plaintiff pursuant to the verdict. The defendant appeals from the judgment.

For the appellant there was a brief by *Tomkins, Merrill & Smith,* and oral argument by *W. M. Tomkins.*

*A. E. Dixon,* for the respondent.

LYON, J. This case was here on a former appeal from an order overruling a demurrer to the complaint. The order was affirmed. 71 Wis. 553. It was there held that, under the facts stated in the complaint, the plaintiff was a servant

of the defendant company when injured. The facts in that behalf, thus alleged, were substantially proved on the trial. It is therefore *res adjudicata* in the case that the plaintiff was such servant at the time, and is entitled to the same protection as any other servant of the company. It was also held on the former appeal that, if the proximate cause of the injury was the failure of the company to furnish a sufficient number of men to raise the pipes, the company is liable for the injury, unless the circumstances show that the plaintiff assumed the risks incident to doing the work with an insufficient number of men. And it may be observed here that, with the same qualification, the company is liable in like manner if it failed to furnish suitable and proper implements and appliances with which to do the work, and such failure was the proximate cause of the injury.

The questions first to be determined are: Did the company fail to perform its duty in the matter of furnishing either proper implements and appliances or a sufficient number of men for the work? And if it so failed in either or both particulars, was such failure the direct cause of the injury complained of?

1. All that was required to raise the joint, besides a lever (which was conveniently at hand), were suitable blocks for the pipes to rest upon, and suitable wedges to hold the pipes in position. The testimony is undisputed that the company provided these, thus performing its duty in those particulars.

It is not conclusively proved that the pipes were not properly wedged when plaintiff attempted to raise the joint. Indeed the testimony is very strong, if not conclusive, the other way. But this point is not material in the case, for the reason that, if there was negligence in not properly securing the pipes, it was clearly the negligence of Gandsey, who, for that purpose, was a fellow-servant of the plaintiff, and not the representative of the company, which had fully

discharged its duty to the plaintiff in that respect by fur-
nishing proper implements, etc., with which to do the work.
*Peschel v. C., M. & St. P. R. Co.* 62 Wis. 338. There are
many other decisions of this court to the same effect.

The testimony proves conclusively that the company was
not in default for not informing the plaintiff of the dangers
incident to the employment. These were visible, and any
man of ordinary intelligence, in the exercise of ordinary
care, although not an expert in the business, could not have
failed to see and comprehend them. In such case, the em-
ployer is under no legal obligation to warn the servant of
danger. This is elementary law.

2. There is some testimony which tends to show that, in
the general business of laying down the pipes, there should
be two men employed besides the foreman, particularly in
putting the pipes on the blocks for calking, and lowering
them into the trench. The plaintiff's witness Jones testi-
fied that in order to raise the joints of pipes located as
those in question were, and put under them blocks or wedges
to hold them in position, "one man can, with a lever, lift
the pipe near the joint, safely, while the other man is plac-
ing a wedge under; one to lift and the other to put a
wedge under would be enough for that purpose." This is
just what Gandsey and the plaintiff were doing when the
accident happened. Another of plaintiff's witnesses, one
Friesenburg, testified that in doing the work he would
want three men,— two with a bar each, and one to put
under the blocking. But he added "if one man had a bar
six or eight feet long, that would answer." The plaintiff
had a suitable lever with which to raise the joint. He testi-
fied that with it he raised the joint easily. Both these
witnesses were experts. The plaintiff testified that two
men could have done the work if the pipes were wedged.
The testimony above stated is all there is on the subject.
Obviously, it fails entirely to prove that more men should
have been employed to raise the joint of the pipes.

Moreover, we do not find any testimony tending to show that, had another man been employed in the work, the accident would probably have been avoided. In the absence of such proof, it is difficult to hold that the failure to employ another man was the proximate cause of the injury complained of.

There being an entire failure of proof that the injury was caused by any negligence of the company in furnishing either men or appliances suitable for the work, and it conclusively appearing that the company was not in default for not informing plaintiff of the dangers of the employment, the court should have directed the jury to return a verdict for the company.

3. The conclusions reached on the other questions in the case render it unnecessary to consider the question of the validity of the alleged release.

*By the Court.*— The judgment of the circuit court is reversed, and cause will be remanded for a new trial.