Peffer vs. Cutler.

PEFFER, Respondent; vs. CUTLER, Appellant.

*September 30 — October 25, 1892.*

*Master and servant: Injury to servant by his own negligence.*

Plaintiff was injured by the fall of a portion of a scaffolding upon which he and others were at work. He was a carpenter of considerable experience, and had himself constructed, according to his own judgment, that part of the scaffolding which gave way. There was no evidence that the materials furnished therefor were defective or unsuitable. *Held,* that a nonsuit should have been granted.

APPEAL from the Circuit Court for *Waukesha* County. The facts are stated in the opinion. The defendant appeals from a judgment in favor of the plaintiff.

For the appellant there was a brief by *J. V. V. Platto* and *P. H. Carney,* and oral argument by *R. M. Bashford.* They cited, besides cases cited in the opinion, *Behm v. Armour,* 58 Wis. 1; *Strahlendorf v. Rosenthal,* 30 id. 674; *Hobbs v. Stauer,* 62 id. 108; *Peschel v. C., M. & St. P. R. Co.* id. 338; *Haley v. Jump River L. Co.* 81 Wis. 412; *Hoth v. Peters,* 55 id. 405; *Hoar v. Merritt,* 62 Mich. 386; *Gardner v. M. C. R. Co.* 58 id. 584; *Bergquist v. Minneapolis,* 42 Minn. 471; *Luebke v. C., M. & St. P. R. Co.* 63 Wis. 91; *Kelly v. Abbot,* id. 307; *Whitwam v. W. & M. R. Co.* 58 id. 408; *Conger v. F. & P. M. R. Co.* 86 Mich. 76; *Beck v. Firmenich Mfg. Co.* 82 Iowa, 286; *Toner v. C., M. & St.*

Peffer vs. Cutler.

*P. R. Co.* 69 Wis. 188; *Zeigler v. Day*, 123 Mass. 152; *Kelley v. Norcross*, 121 id. 508; *O'Connor v. Neal*, 153 id. 281; *Hogan v. Smith*, 125 N. Y. 774; *O'Brien v. Am. D. Co.* 52 N. J. Law, 291; *Lindvall v. Woods*, 41 Minn. 212; *Dewey v. Parke*, 76 Mich. 631; 7 Am. & Eng. Ency. of Law, 834; *Hayden v. Smithville Mfg. Co.* 29 Conn. 548; *Otis v. Janesville*, 47 Wis. 422; *White v. M. C. R. Co.* 61 id. 536; *Potter v. C. & N. W. R. Co.* 22 id. 586; *Corcoran v. Harran*, 55 id. 120; *Baker v. Madison*, 62 id. 148; *McLimans v. Lancaster*, 63 id. 596; *Heddles v. C. & N. W. R. Co.* 74 id. 259; *Propsom v. Leatham*, 80 id. 608.

For the respondent there was a brief by *Hunt & Morrill* and *D. S. Tullar*, and oral argument by *Charles N. Hunt* and *Mr. Tullar*.

ORTON, J.   The facts of this case, according to the evidence, are substantially as follows:

On the 13th day of September, 1887, the defendant was constructing a building in the city of Waukesha, which was inclosed, and one side of the steep roof was shingled, and about eight feet on the other side.   He had employed one Emory Clifton, a carpenter, to work on the building, and authorized him to superintend the work and employ the other workmen and work with them.   The defendant, however, was present most of the time, furnished the materials, and gave directions how the work was to be done. Three other carpenters were also employed, together with the plaintiff, who was also a carpenter of considerable experience.   When staging and scaffolding were being put up on the side of the building, the defendant cautioned the workmen to use plenty of nails to make them safe.   The plaintiff was not then employed, and at the date aforesaid had only been at work for a day or two.   It became necessary to construct a staging or scaffolding on the roof, on which the workmen could stand while shingling.   Clifton

and the plaintiff, and probably the other workmen, worked together in constructing and building such scaffolding. It was built with the proper framework and brackets at proper distances, on which the boards or platform were to be placed. It was placed about eight feet up the slope of the roof, and it was sixteen feet from the eaves to the ground. Clifton selected from the lumber on the ground a fence board one inch thick, six inches wide, and sixteen feet long, to be placed on the brackets on which the workmen were to stand while shingling. Clifton worked on the east end of this scaffolding, and the plaintiff did the work on the west end, while constructing it, and perhaps the other workmen between. The plaintiff constructed the west end alone, using all the nails he wished, and did the work, as he supposed, in a proper and safe manner. There was a bunch of shingles on that end of the platform, and the plaintiff was standing near that end, pushing another bunch of shingles up the roof some distance, where they were to be used. There were four workmen, including the plaintiff, standing on the platform shingling; and the other workman had just come upon it at the time, when the framework or brackets on the west end gave way, carrying down that end of the board and breaking it near the middle, and projecting the plaintiff and another, who was working near him, to the ground, and very greatly injuring the plaintiff, for which he brought this suit.

The scaffolding which gave way was the joint work of the plaintiff and the other men, and the plaintiff did the work at the end where it gave way and projected him to the ground. Clifton worked with the others in building the scaffold and in shingling as a common workman, and gave no directions as to how the scaffold should be built, and the plaintiff did his part of the work according to his own judgment. The east end of the platform remained in place, and did not give way when the other end fell. None of

Peffer vs. Cutler.

the witnesses, including the plaintiff, are able to state how the platform came to fall. The board used was the same kind of lumber, and of the same width and thickness, as had been used in doing the other shingling on the roof.

The jury rendered a verdict of $5,000 and judgment was entered therefor.

This is a very clear case, and the circuit court should have granted the motion for a new trial on its merits.

1. If there was any defect in the platform, the plaintiff is chargeable with it. He did the work on the west end, where it gave way, and he knew just how it was done and the materials used, and was as capable of forming a correct judgment of it as any one. He made the place where he was to stand himself and on his own judgment. He knew all the hazards and risks of his employment in that particular place where he was to work, and assumed them. There was no negligence, on the part of his fellow workman even, which in any way contributed to his injury. There was no testimony that the materials furnished by the defendant to be used in constructing the platform were not suitable for the purpose, and, if there was, the plaintiff knew it when he used it, and assumed the risk. If there was any negligence of any one that caused his injury, it was that of himself. How, then, can he complain? There was no evidence that the board was defective or unsuitable. The construction on which it rested at the west end, and which the plaintiff himself made, gave way. The weight of the plaintiff at that end, and of two others near him west of the place where it broke, would very naturally break the board at or near the next bracket, however suitable the material. The defect was evidently in the plaintiff's own workmanship.

All those who worked with the plaintiff in building the scaffold, and who worked with him on the scaffold shingling, were clearly his fellow servants; and, if any of them

Peffer vs. Cutler.

were negligent, the plaintiff cannot recover on account of it. *Blazinski v. Perkins,* 77 Wis. 9. This case is in many respects like that. It was the falling of a scaffold that produced the injury, and the plaintiff directed in its construction.

It is very difficult, if not impossible, to cite any authority in such a case as this, for it is probable that no such case was ever brought. We may cite cases where the plaintiff assumed the risk of the employment, and where, if there was any defect in the appliances, the plaintiff knew as much about it as any one; and where the plaintiff was a skilled mechanic and assisted in erecting the scaffold which gave way and caused the injury. *Naylor v. C. & N. W. R. Co.* 53 Wis. 661; *Steffen v. C. & N. W. R. Co.* 46 Wis. 259; *Ballou v. C. & N. W. R. Co.* 54 Wis. 257; *Dorsey v. P. & C. Const. Co.* 42 Wis. 583; *Goltz v. M., L. S. & W. R. Co.* 76 Wis. 136; *Johnson v. Ashland W. Co.* 77 Wis. 51; *Fitzgerald v. Connecticut R. P. Co.* 155 Mass. 155; *Marsh v. Herman,* 47 Minn. 537; and many other cases cited in appellant's brief.

A recovery in such a case would violate every principle of the law of negligence. It seems to us that the plaintiff recovered in this case for an injury caused solely by his own negligence. The court ought to have entered a peremptory nonsuit on the testimony introduced by the plaintiff. Such a suit ought not to be encouraged.

*By the Court.*— The judgment of the circuit court is reversed, and the cause remanded for a new trial.