Stanwick vs. Butler-Ryan Co.

STANWICK, Respondent, vs. BUTLER-RYAN COMPANY, Appellant.

*May 4 — May 22, 1896.*

*Master and servant: Negligence: Personal injuries: Defective materials: Special verdict: Expert testimony.*

1. Plaintiff having been injured while in defendant's employ as a carpenter by the breaking of a stringer in a staging which he was constructing, findings of a special verdict to the effect that defendant was guilty of a want of ordinary care which was the proximate cause of the injury; that defendant did not furnish plaintiff with a reasonably safe place to work and reasonably safe and suitable materials with which to build the staging; that plaintiff did not know, nor could he have known by the use of ordinary care and diligence, that the materials furnished were defective; that defendant's secretary gave special instructions to use the stringer which broke; and that there was no other and safe lumber at hand, provided by defendant, which might have been used — are *held* to establish actionable negligence on the part of defendant.

2. An answer by the court to a question in such verdict, to the effect that plaintiff was injured while in the employ of the defendant "as alleged in his complaint," is *held* not a ground for reversal, attention not having been called at the time to the fact that the jury might understand it to mean that the allegations as to the cause of the injury were true, and it appearing from other answers that the jury could not have so misunderstood it.

3. The plaintiff at the time of the accident having been at work on the staging which broke, the question "Did defendant furnish plaintiff with a reasonably safe place to work *and* reasonably safe and suitable materials to build the staging?" is *held* to be a single question.

Stanwick vs. Butler-Ryan Co.

4. It was not a material error in such a case to allow an expert bridge builder to give his opinion as to the sufficiency of a stringer like the one in question to bear the weight put upon it.

APPEAL from a judgment of the circuit court for Bayfield county: JOHN K. PARISH, Circuit Judge. *Affirmed.*

For the appellant there was a brief by *Lamoreux, Gleason, Shea & Wright,* and oral argument by *E. F. Gleason.*

For the respondent there was a brief by *E. C. Alvord* and *Sanborn, Dufur & O'Keefe,* and oral argument by *A. W. Sanborn.*

CASSODAY, C. J.    This is an action to recover damages for personal injuries received by the plaintiff while in the employ of the defendant and engaged in the construction of a part of an ore dock over one of the streets in Ashland. The particular negligence alleged is that the stringers, which were twenty feet above the ground, and eighteen feet in length, and twelve feet apart, and made of scantlings two inches thick and four inches wide, spiked together, were not of sufficient size to support the weight intended to be placed upon them, and were not supported or braced from underneath, and were wholly insufficient, and that one of them broke while the plaintiff was upon it, and precipitated him to the ground and injured him.    The defendant answered by way of admissions and denials.

At the close of the trial the jury returned a special verdict to the effect that the plaintiff was an employee of the defendant at the time mentioned in the complaint; that he was injured while in such employ, as alleged in his complaint; that the plaintiff, when he hired out to the defendant, did represent himself to be a carpenter; that the defendant was guilty of a want of ordinary care which was the proximate cause of the plaintiff's injuries; that the defendant did furnish the plaintiff with reasonably safe tools and appliances with which to perform his labor; that the

defendant did not furnish the plaintiff with a reasonably safe place to work and reasonably safe and suitable materials with which to build the staging from which he fell while building the same; that the plaintiff did not know, nor could he have known, of the alleged defective materials by using ordinary care and diligence as a carpenter; that the secretary of the defendant did give special instructions to use the stringer which broke, and in the place in which it was being used, to his foreman, at the time of said accident; that there was no other and safe lumber at hand, provided by the defendant, which its workmen might have used in building the staging at the time of the accident; that the plaintiff did not represent to the defendant's secretary that he had experience in the building of bridges or docks at the time or before he was put to work for the defendant; that the plaintiff was not guilty of negligence which in any manner contributed to his said injuries; that the plaintiff sustained damages by his said injuries to the amount of $1,000. From the judgment entered thereon accordingly, pursuant to the order of the court, the defendant brings this appeal.

The stringers mentioned were parts of the staging being constructed at the time for the sole purpose of enabling the workmen to line up and saw off the piling. As soon as that particular work should be completed, the staging would have performed its purpose, and was then to be removed. The stringers were attached, at or near each end, to the piles by means of drift pins or bolts. Upon these stringers, so attached, two planks — each three inches thick and twelve inches wide and fourteen or sixteen feet long, and weighing about 150 pounds — were to be laid close to the piling at the north bent, and two similar planks close to the piling at the south bent. It appears that the plaintiff and his co-employees raised all four of the planks at the north bent, and then, while in the act of moving the third and fourth planks toward the south bent, the middle stringer broke,

and the plaintiff was injured. The defendant contends that the method of constructing the staging was left entirely to the judgment and discretion of the men doing the work, and hence, if they performed the work in a manner which proved to be disastrous, the defendant cannot be held responsible for the result of their own mistaken judgment.

If it appeared that the manner and method of doing the work was the sole cause of the injury, then we might be inclined to hold with the defendant, and that the case came within the principles frequently announced by this court. *Peschel v. C., M. & St. P. R. Co.* 62 Wis. 338; *Johnson v. Ashland Water Co.* 77 Wis. 51; *Corcoran v. Milwaukee G. L. Co.* 81 Wis. 191; *Peffer v. Cutler*, 83 Wis. 281; *Van den Heuvel v. Nat. Furnace Co.* 84 Wis. 636. But such does not appear to be the fact. As indicated, the jury, among other things, found that the defendant did not furnish the plaintiff with a reasonably safe place to work and reasonably safe and suitable materials with which to build the staging from which he fell; that the defendant's secretary gave special instructions to use the stringer which broke, in the place in which it was being used when it broke; and that there was no other and safe lumber at hand, provided by the defendant, which might have been used at the time. These findings, with others mentioned, established the actionable negligence of the defendant, within the principles repeatedly stated in the decisions of this court. *Wedgwood v. C. & N. W. R. Co.* 41 Wis. 478; *Schultz v. C., M. & St. P. R. Co.* 48 Wis. 375; *Kaspari v. Marsh*, 74 Wis. 562; *Johnson v. First Nat. Bank*, 79 Wis. 414; *Engstrom v. Ashland I. & S. Co.* 87 Wis. 166; *Cadden v. Am. S. B. Co.* 88 Wis. 409.

We cannot say that the findings mentioned are not sustained by the evidence. Nor can we say that of the finding of the jury to the effect that the plaintiff did not know, nor could he have known by the use of ordinary care and diligence, that such materials furnished were defective.

Criticism is made upon some portions of the special verdict. Thus, it is claimed that the court improperly answered the second question submitted, to the effect that the plaintiff was injured while in the employ of the defendant, "as alleged in his complaint." Counsel say: "Undoubtedly, the court meant to find that the plaintiff was injured while in the defendant's employment, and no more. But he went further, and told the jury that the allegations of the complaint as to the cause of the injury were true." If there was any ground for apprehending that the answer would be so misunderstood, counsel should have called the attention of the court to the fact in time to have it corrected on the trial. But the answer by the court of the first, second, third, and fifth questions pretty clearly shows that the jury must have understood the answer as counsel say the court undoubtedly meant to be understood.

The sixth question submitted to the jury was this: "Did defendant furnish plaintiff with a reasonably safe place to work *and* reasonably safe and suitable materials with which to build the staging from which he fell while building the same." The jury answered: "No." We do not think counsel is warranted in claiming that the question is double. There is but one question asked, and that is answered in the negative. The place where the plaintiff was at work at the time of the accident was on the stringer which broke. It broke because the materials of which it was composed were not reasonably safe and suitable. Such defective material made the place for working thereon unsafe.

We cannot hold that there is reversible error by reason of the court allowing an expert bridge builder to give his opinion as to the sufficiency of a stringer like the one in question to bear the weight put upon it. What is said in *Donovan v. C. & N. W. R. Co.*, *ante*, p. 373, is applicable here.

We perceive no reversible error in the record.

*By the Court.*— The judgment of the circuit court is affirmed.