ROBERT MEACHAM, PLAINTIFF IN ERROR, VS. THE STATE OF FLORIDA, DEFENDANT IN ERROR.

1. Where two parties speaking different languages, and who can not understand each other, converse through an interpreter, the words of the interpreter which are their necessary medium of communication are adopted by both and made a part of their conversation, and the interpretation under such circumstances is prima facie to be deemed correct.   In such cases either party or a third party who hears the conversation may testify to it as he understands it, although for his understanding of what was said by one of the parties he is dependent on the interpretation which was a part of the conversation.   The fact that such conversation was had through an interpreter affects the weight, but not the competency of the evidence.

2. The ownership of property embezzled must be laid and proved with the same particularity as in larceny, but in each offense the proof is sufficient if it shows a qualified or special property in the person alleged to be the owner.

3. A witness may testify to what he heard said in a conversation between other parties, even though it is not shown that he heard the entire conversation then had between them.

This case was decided by Division B.

Writ of error to the Circuit Court for Hillsborough county.

The facts in the case are stated in the opinion of the court.

*H. S. Hampton,* for Plaintiff in Error.

*William B. Lamar,* Attorney-General, for the State.

CARTER, P. J.

In September, 1902, plaintiff in error was tried and convicted in the Criminal Court of Record of Hillsborough county, upon an information charginig embezzlement. The second count of the information upon which the verdict and judgment are based charged embezzlement of the proceeds of sixty-three boxes of cigars intrusted to defendant by one Louis Galvin. Upon the tria Galvin testified that he gave defendant the cigars to sell for him upon a commission of five per cent., and that upon demand for the proceeds defendant admitted that he had sold the cigars and used all the money derived therefrom. The defendant admitted receivinig the cigars, but claimed that he purchased them from Galvin with the understanding that he was to pay for them at a designated time. The testimony of the witness Galvin was delivered through an interpreter, it appearing that he spoke English very imperfectly. On cross-examination he was asked if he did not on the morniing of the preliminary examination of the defendant state in the presence of H. D. Webster and Robert Lore that he had sold the cigars to defendant to be paid for at a specified time. The witness answered the question in the negative. He admitted havinig a conversation at the time and place designated, but denied having made the statements inquired

about. Webster was examined by defendant and testified that on the occasion inquired about he acted as interpreter at the request of Galvin in a conversation carried on between Galvin and defendant, the former speaking Spanish, the latter English. The testimony of this witness tended to show that in this conversation Galvin admitted that he sold the cigars to the defendant, to be paid for at a designated time. Thereupon defendant produced as a witness Robert Lore, who testified that he was present at the conversation between Galvin and defendant had through Webster, the interpreter; that he did not understand Spanish and could not therefore state what Galvin said. The defendant thereupon offered to prove by the witness the conversation then had, including the remarks of Galvin as interpreted by Webster at the time. The testimony was excluded upon objections that it was hearsay and irrelevant, and that the witness could not understand Spanish. The exception to this ruling constitutes the first assignment of error. This ruling was erroneous. From what has been stated, the relevancy of the proposed testimony is clearly apparent, and it only remains to consider whether it could properly be excluded because hearsay or because the witness did not understand the language in which Galvin carried on his part of the conversation.

In Commonwealth v. Vose, 157 Mass. 393, 32 N. E. Rep. 355, S. C. 17 L. R. A. 813, it was held that where two parties speaking different language and who can not understand each other, converse through an interpreter, the words of the interpreter which are their necessary medium of communication are adopted by both and made a part of their conversation, as much as those which fall from their own lips; that the interpretation under such

circumstances is *prima facie* to be deemed correct; that in such a case either party or a third party who hears the conversation may testify to it as he understands it, although for his understanding of what was said by one of the parties he is dependent on the interpretation which was a part of the conversation; that the fact that such conversation was had through an interpreter affects the weight, but not the competency, of the evidence. This view is supported by other courts and by standard text-writers. Fabrigas v. Mostyn, 20 How. St. Trials, 81, text 122, 123; Blazinski v. Perkins, 77 Wis. 9, 45 N. W. Rep. 947; Sullivan v. Kuykendall, 82 Ky. 483; Greenleaf on Evidence, Sec. 183; Wharton's Crim. Ev. Sec. 224. The testimony was proper and the court erred in excluding it.

The second assignment of error is based upon exceptions to an instruction given by the court to the effect that the State was not required to prove absolute ownership in Louis Galvin of the cigars delivered to defendant, but that it would be sufficient to prove simple possession on his part. We are not prepared to say that proof of "simple possession" of the property alleged to have been embezzled will in all cases be sufficient to sustain the allegation of ownership. Nor do we think it at all necessary that the alleged owner shall be proved to be the absolute owner of such property in order to warrant a conviction. If he has a qualified or special property in the goods embezzled, it will be sufficient. The ownership must be laid in the indictment as in an indictment for larceny (Grant v. State, 35 Fla. 581, 17 South. Rep. 225), and we perceive no reason why the proof of ownership in embezzlement should not be sufficient if it would support an allegation of ownership in larceny. The rule in the

latter offense is that the ownership may be laid in the person having a qualified or special property in the property stolen (Kennedy v. State, 31 Fla. 428, 12 South. Rep. 858), and we hold that the same rule obtains in prosecution for embezzlement. Waterman v. State, 116 Ind. 51, 18 N. E. Rep. 63; Riley v. State, 32 Tex. 763. See, also, State v. Littschke, 27 Oregon, 189, 40 Pac. Rep. 167. As applied to the evidence in this case the instruction could not have misled the jury, but the use of the term "simple possession" might in some cases be very misleadiing and we therefore do not approve the precise language of the instruction.

The ninth assignment of error is based upon the ruling permitting the followiing question to be propounded to the State witness Rosa Herrick: "What was he to get for selling the cigars?" The witness had testified that she was present when Galvin delivered cigars to defendant to sell for him and that defendant came back next day and told Galvin he would go and get his money and bring it Saturday. The question objected to was then propounded. Several objections were interposed, but the only one insisted upon in this court is that the question was improper because it had not first been shown by the testimony of the witness that she heard the entire conversation. The question was proper as against the objection urged. Williams v. Keyser, 11 Fla. 234.

Several other questions are presented by the assignments of error. They need not necessarily arise upon another trial, and we shall not therefore discuss them.

It may be well for the parties to consider the sufficiency of the information, tested by the decision in Grant v. State, *supra*, before proceeding to trial a second time. It was there held that where an indictment alleges em-

bezzlement of the proceeds or property, it must allege the value and ownership of such proceeds. It is, to say the least, doubtful if the present informataion is sufficient in that, as well as other respects, but as the question of its sufficiency is not argued in this court, and the judgment is reversed upon other grounds, we refrain from deciding it.

The judgment is reversed and a new trial granted.