McPHERSON, Appellant, vs. GREAT NORTHERN RAILWAY
COMPANY, Respondent.

*October 6—October 26, 1909.*

*Master and servant: Injury to servant: Assumption of risk: Contribu*
*tory negligence.*

1. A servant engaged in unusually hazardous building and repairing operations, where he knows that conditions are constantly
   changing, assumes all the risks ordinarily present in such dangerous operations.
2. A servant engaged in repairing a railroad bridge, who, while
   working under the track, reached up and placed his hand on
   the rail without looking to see whether a push car, which he
   knew might be run over the track at any time, was in use or
   not, was guilty of negligence, precluding recovery for injuries
   to his hand by the car.

APPEAL from a judgment of the circuit court for Douglas
county: A. J. VINJE, Circuit Judge. *Affirmed.*

Action for personal injuries.  The facts were not materially in controversy.  In July, 1908, the Kelley-Atkinson Company were engaged in repairing the draw span of the interstate bridge between Superior and Duluth which had been wrecked two years previously.  The draw span had been raised from the water and rested upon the central pier at right angles with the remainder of the bridge, and the Kelley-Atkinson Company had been for about two months at work repairing and restoring the iron and steel work.  To carry material from one place to another on the bridge the company had constructed a railroad track of ordinary width in the middle of the span, and from one end of it to the other, on which a push car eight feet long and two and one-half feet high was shoved by the employees as occasion required.  The ties on which the track rested were some six or seven feet apart.  About the center of the span and by the side of the track (but three or four feet below it) was a platform of planks, fifteen or twenty feet long, laid between two girders eight feet apart, which formed a kind of a large box in which the employees of the construction company kept most of their tools and some gearings and wooden blocks, etc.  The plaintiff was a steel worker and was employed by the construction company in the repair work for several weeks before the 3d of July, 1908, and knew all about the track and the use of the car.  Two or three days before the last-named date a gang of six carpenters was put to work on the draw span by the defendant, placing new woodwork between the rails of the street railway track on the span.  The timber which this gang was to use was placed at one end of the bridge, and, in order to remove a part of it to the other end, two of the carpenters, by direction of their foreman, loaded a quantity on the push car and began to shove the push car towards the other end, bending forward as they walked, and stepping on the iron rails because the ties were so far apart.  In this position they could not and did not look ahead.  This was on the 3d of

July, 1908, at about 11 o'clock a. m. The plaintiff was on the bridge at the time, near the center, and just before the car started saw that a portable forge had been upset so that some fire had started in the timbers and wood in the tool box, and he got down in the box and stood on a gearing and began throwing the burning wood out of the box into the bay. As he did this, he took hold of the rail of the push-car track with his left hand. He was facing the track, but paid no attention to it, nor did he look to see whether a car was coming. While he was in this situation the car was pushed along the track over his hand, inflicting injuries which laid him up for several weeks. A verdict for the defendant was directed, and the plaintiff appeals.

The cause was submitted for the appellant on the brief of *Victor Linley,* and for the respondent on that of *J. A. Murphy,* attorney, and *W. M. Steele,* of counsel.

WINSLOW, C. J. It is evident from the statement of facts that a verdict for the defendant was properly directed. The plaintiff was engaged in unusually hazardous building and repairing operations, where he knew that conditions were constantly changing, and he assumed all the risks ordinarily present in such dangerous operations. *Kath v. Wis. Cent. R. Co.* 121 Wis. 503, 99 N. W. 217. He knew that the push car was liable to be used at any time. He testifies that he knew that his gang was not using it at the time, but the testimony is undisputed that any gang that happened to be at work on the bridge and found the use of the car helpful was free to use it. The plaintiff knew that the carpenter gang was at work on the bridge, and knew that they had a quantity of bulky material there which must necessarily be distributed along the bridge. Under these circumstances we think it clear that he was negligent in grasping the rail as he did without looking to see whether the car was in use or not.

*By the Court.*—Judgment affirmed.