# CASES DETERMINED

# August Term, 1911.

---

SWEENOR, Appellant, vs. SUPERIOR MANUFACTURING COM-
PANY, Respondent.

*September 13—October 3, 1911.*

*Master and servant: Injury by fall of scaffold: Defective material:
Selection by fellow-servant: Liability.*

1. Failure of an employer to furnish suitable material for the erec-
   tion of a scaffold was not shown by the fact that he directed it
   to be built from a quantity of lumber which had been in use for
   some years and a part of which was decayed, where it was un-
   disputed that enough of such lumber was sound and suitable
   for the purpose.
2. Carpenters and their foreman who together selected from such
   lumber the materials for the scaffold and constructed it were
   fellow-servants engaged in a common employment, and if
   through the negligence of one of them a defective piece was
   used and an injury thereby resulted to another by fall of the
   scaffold, the employer is not liable.

APPEAL from a judgment of the circuit court for Douglas
county: FRANK A. ROSS, Circuit Judge. *Affirmed.*

This is an action for damages for personal injuries received
by the plaintiff caused by a fall with a scaffold which was
being used in the construction of a salt house for the defend-
ant. It is alleged that an upright nailed to the building,
which was being used to support a bracket in the scaffolding,
was a rotten and defective piece of lumber, that the defend-
ant failed to furnish suitable material to construct the scaf-

fold, and that the workmen were using the material furnished under the direction of the defendant's foreman.

About March 1, 1910, the defendant began the reconstruction of some of the buildings of its shipping plant in the city of Superior. Among the improvements being made was the construction of a new salt shed upon the site of the old one. The old shed had been torn down and the material from it was used to some extent in the construction of the new building and for making scaffolding to be used in constructing the new building.

The scaffolding which fell was along the east side of the building, which was between 150 and 200 feet long. Close to this side of the building ran a switch track, and because of the constant switching it was necessary to use a scaffolding without uprights from the ground directly beneath for supporting the crosspieces of the scaffold. Triangular brackets were constructed, and the horizontal crosspiece of the bracket was nailed to two- and one-inch pieces that had been nailed to the wall of the salt house. One of these pieces split along the line of the nails which fastened it to the bracket. The falling of the scaffolding near this particular cleat caused that part of the scaffolding upon which the plaintiff was working to fall, and the plaintiff was injured thereby.

Plaintiff's evidence was to the effect that he was not a master carpenter; that he knew little about the selection of sound material from the mass of defective material obtained from the old salt shed; that the workmen were prohibited from using new lumber in the construction of the scaffolding; that the particular piece which was the cause of the fall of the scaffold had been selected by one of the other workmen under the direction to use no new lumber for constructing the scaffolding; that at the time of injury, August 13, 1910, the suitable material of that furnished from the old salt shed had been depleted by selections therefrom since March, and that the piece which broke was defective from dry rot. The size

of the break was about six inches long and about an inch and one-half deep. It appears that the crosspiece was nailed to this upright piece which broke by several nails which were placed in a line instead of being placed staggered, and that this caused a line of cleavage at the place where the split occurred.

The old salt shed had been constructed some four years before. There was evidence that the material from it was discolored, that part of it was in the process of decay, and that some of the material was brittle, dead lumber. Plaintiff testified that the foreman directed them to use the old material and that he stated that it was suitable and fit to use.

At the conclusion of the plaintiff's case the court granted a motion for a nonsuit on the ground that the defendant had furnished a sufficient supply of suitable material for the construction of the scaffolding, that the matter of the selection of the sound material was delegated to the plaintiff and his fellow-workmen, and if there was negligence in the selection of the material used in the construction of the scaffolding it was the negligence of a fellow-servant of the plaintiff; that the defect was a hidden one and was not due to the age of the material. This is an appeal from the judgment of nonsuit.

*Victor Linley,* for the appellant.

*W. M. Steele,* for the respondent.

SIEBECKER, J. The evidence shows that the plaintiff was employed with other workmen in erecting the scaffolding from the materials furnished by the defendant. The appellant asserts that the trial court erroneously held that the evidence shows that the defendant furnished suitable material for building the scaffolding. The evidence is to the effect that the lumber of which the scaffolding was being built was old lumber that had been used for some years in the old salt shed, which was being rebuilt, and that some of it was decayed and unfit for use for scaffolding. This, however, does

not establish that the defendant failed in its duty toward the plaintiff to furnish suitable material for building this scaffolding. It is argued that the defendant was required to furnish suitable material for its construction and that it failed to do so, and that such failure proximately caused plaintiff's injuries without contributory negligence of the plaintiff or his fellow-workmen, and therefore that the defendant is liable for the damages thus occasioned. *Stanwick v. Butler-Ryan Co.* 93 Wis. 430, 67 N. W. 723; *Hoveland v. Nat. B. Works,* 134 Wis. 342, 114 N. W. 795. The question is, Does the evidence present a case upon this subject for determination by a jury? There are statements by witnesses to the effect that the material was old lumber and contained pieces that were defective and were decayed. This, however, does not show that the portion not so affected was unsuitable for scaffolding. An examination of the facts shows that a considerable quantity of this lumber was sound and well adapted for building scaffolding. The material of the scaffolding theretofore built and used in the construction of this building throughout the several months had been selected from this old lumber. Its actual use proved it to be safe and suitable for the purpose. There is nothing in the evidence, aside from some general statements that there was old and rotten material in the piles, showing that this material was not suitable for the purpose of building scaffolding. There is undisputed evidence that the material was not all of this defective kind and that none of the scaffolding built was of defective material, aside from this one piece. We are persuaded that the court properly ruled that the evidence does not permit of the conclusion that the defendant failed to furnish suitable material for building the scaffolding, and hence that it was not in default in this respect.

It is further argued that the defendant is responsible for the accident upon the ground that the plaintiff was directed by the foreman of the crew constructing this scaffolding to

use this material and was informed that it was suitable for this purpose. It appears that the foreman, the plaintiff, and several others were engaged as carpenters in building this scaffolding; that the foreman informed them that it was to be built of this material; that they then proceeded in common to select some of this material and used it to build this structure. Under these circumstances the plaintiff, the foreman, and the other carpenters were engaged in the common employment of selecting the material and constructing the scaffolding therefrom as furnished them by the defendant. This makes them fellow-servants. If any one of them was negligent in performing these services, which caused plaintiff's injuries, it furnishes no grounds making the defendant liable therefor.

We find no error in the trial court's disposition of the case.

*By the Court.*—Judgment affirmed.