LESE, Appellant, vs. CHICAGO & NORTHWESTERN RAILWAY COMPANY, Respondent.

*September 19—October 28, 1913.*

*Railroads: Injury to employee: Contributory negligence: Comparative negligence: Direction of verdict.*

Plaintiff, an experienced carpenter in the employ of the defendant railway company, was injured by the falling of a ladder upon which he was standing while repairing a broken shed roof under the direction of a foreman. Upon evidence showing that he had himself selected the place where the ladder rested against the broken roof boards; that after mounting the ladder he could know better than the foreman the condition of such boards and the danger to which he was exposed; and that he proceeded, without examination, to cut the roofing paper which held the boards against which he had placed the ladder, thus removing its support and causing it to fall and throw him to the ground, it is *held* as a matter of law, under sec. 1816, Stats., that his own negligence which proximately contributed to cause his injury was greater than that of defendant's foreman, and hence that a verdict for defendant was properly directed.

APPEAL from a judgment of the circuit court for Green Lake county: CHESTER A. FOWLER, Circuit Judge. *Affirmed.*

This is an appeal from a judgment dismissing plaintiff's complaint.

*J. L. Kelley,* for the appellant.

*Edward M. Smart,* for the respondent.

SIEBECKER, J.   This is an action to recover damages for personal injury which the plaintiff alleges he sustained while repairing a roof on a lumber shed which had been broken by one of defendant's freight cars.

The plaintiff had been engaged as a carpenter in doing repair work for the defendant company.   The lumber-shed roof, which was covered with roofing paper over the roof boards, had been damaged by a moving box car which had jumped the bumper and crashed into the roof and shed building, tearing out a portion of the roof and breaking one side of it.   The defendant company undertook to repair the shed, and on April 1, 1912, through its foreman, sent the plaintiff and another workman to make such repair.   During the forenoon of this day they repaired the side of the building.   In the afternoon, after the foreman, Sutherland, had arrived, the plaintiff and the man working with him were directed to repair the roof.   The foreman told them to use a ladder to get up to the broken part of the roof and tear off some of the roofing paper and ascertain the extent of the damage to the roof and see what boards needed to be replaced.   The plaintiff got the ladder and placed it against the portion of the roof which had been broken, at a point which he thought would be safe, and then mounted the ladder.   While in this position he cut some of the paper which had held the boards against which the ladder was resting.   This caused the support to the ladder to give way and let it fall, which threw the plaintiff

to the ground and inflicted the injuries complained of and for which he asks damages in the sum of $3,000.

From the evidence adduced it appears that plaintiff was a man thirty-four years of age and had had about ten years' experience at carpenter work; and for six years preceding the accident had worked with one Sutherland, who was one of defendant's bridge crew foremen. On the day in question Sutherland sent plaintiff and another workman to do this job of repair work, and the plaintiff, being the older in service, acted as head workman in Sutherland's absence during the forenoon of the day. Before the foreman, Sutherland, arrived on the ground, the plaintiff and his associate had repaired the broken side of the lumber shed by putting in new studding, pushing the sills into place, and replacing broken drop-siding. In doing this work they had used a step-ladder and some staging to reach the portion of the building not within their reach from the ground. At about 1:30 o'clock in the afternoon the foreman, Sutherland, had arrived, and he spoke to plaintiff about getting a ladder to get up to the broken roof, which was from nine to ten feet above the ground at the broken edge. The plaintiff testified that Sutherland told him "to get a ladder and get up there and square that paper to see how it was broke out, and I done so." When asked what he meant by squaring off the paper he answered, "take a knife and square it off so he could see how much it was broke out." Q. "That was the purpose of it, learning how much was broken out, the size of it, so that you could see about putting in the new boards?" A. "Yes, sir." The plaintiff procured the ladder, set it himself by placing it so that it rested against the face of the broken part of the roof. There is nothing in the evidence to contradict the necessary inference from the plaintiff's statements that he selected the place where the ladder rested against the broken roof boards and that after he had mounted it he could better know the conditions of his situation than the

foreman, Sutherland. It also appears that the plaintiff, after mounting the ladder, proceeded to cut into the roofing paper without examining the condition of the roof boards and what effect removal of the paper would have as to the safety of the place where the ladder rested. Under the circumstances and the conditions shown he could better observe the dangers to which he was exposed than the foreman or any one else. It is manifest that he proceeded to cut the roofing paper which held the boards against which the ladder rested, without looking to ascertain whether or not it would result in removing the support of the ladder on which he stood. The plaintiff's conduct in omitting to examine the condition of the roof against which the ladder rested and proceeding to cut the roofing paper, whereby he removed the support to the ladder, are acts whereby he became the active agent in causing his fall to the ground, and they show that his own negligence and rashness proximately caused the injuries he sustained. The rights of the parties are governed by the statute providing that if the plaintiff's negligence operated with that of defendant to produce the injury and is found to be the greater, then the plaintiff is precluded from recovery. From the facts heretofore pointed out, it appears as a matter of law that plaintiff's negligence, which proximately contributed to produce the injuries he complains of, was greater than that of the foreman of the defendant company. The trial court very properly held that the plaintiff, as a man of experience at the carpenter's trade, must have known that before mounting a ladder, in building operations, it devolved on him, as a man of ordinary care, to ascertain the conditions of its support and its reasonable safety to hold him up while upon it, and that it appeared from the evidence that he made no examination of the place where it rested against the roof and rashly proceeded to remove the roofing paper which held the roof boards against which he had placed the ladder, and thus caused his fall to the ground. We find the record fully sustains the

trial court's disposition of the case and that the case is within the principles applied in the following cases: *Peffer v. Cutler,* 83 Wis. 281, 53 N. W. 508; *Hencke v. Ellis,* 110 Wis. 532, 86 N. W. 171; *McPherson v. G. N. R. Co.* 140 Wis. 473, 122 N. W. 1022; *Koepcke v. Wis. B. & I. Co.* 116 Wis. 92, 92 N. W. 558; *Faber v. C. Reiss C. Co.* 124 Wis. 554, 102 N. W. 1049.

*By the Court.*—The judgment appealed from is affirmed.