454 So.2d 19 (1984)
Javier Roque HENAO, Appellant,
v.
The STATE of Florida, Appellee.
No. 82-2534.
District Court of Appeal of Florida, Third District.
July 24, 1984.
Rehearing Denied August 30, 1984.
*20 Bennett H. Brummer, Public Defender and Thomas F. Almon, Sp. Asst. Public Defender, for appellant.
Jim Smith, Atty. Gen. and Charles Fahlbusch, Asst. Atty. Gen., for appellee.
Before SCHWARTZ, C.J., and NESBITT and DANIEL S. PEARSON, JJ.
SCHWARTZ, Chief Judge.
The primary point on this appeal from a conviction for trafficking by possession of over 400 grams of cocaine claims that the testimony of the investigating officer as to the contents of an oral statement by the defendant shortly after his arrest was hearsay and hence erroneously admitted because Henao made it in Spanish and the officer could and did testify only to the English translation rendered by an interpreter. Meacham v. State, 45 Fla. 71, 33 So. 983 (1903) compels rejection of this contention. There, the court stated in its syllabus:
1. Where two parties, speaking different languages, and who cannot understand each other, converse through an interpreter, the words of the interpreter, which are their necessary medium of communication, are adopted by both, and made a part of their conversation, and the interpretation under such circumstances is prima facie to be deemed correct. In such cases either party, or a third party who hears the conversation, may testify to it as he understands it, although for his understanding of what was said by one of the parties he is dependent on the interpretation which was a part of the conversation. The fact that such conversation was had through an interpreter affects the weight, but not the competency, of the evidence.
But cf., Rosell v. State, 433 So.2d 1260 (Fla. 1st DCA 1983), rev. denied, 446 So.2d 100 (Fla. 1984) (dictum indicating contrary rule without citing Meacham); State Farm Mutual Automobile Ins. Co. v. Ganz, 119 So.2d 319 (Fla. 3d DCA 1960) (same); see generally, Annot., Statements to Witness Through Interpreter, 12 A.L.R. 4th 1016, 1023 (1982).
It should also be noted that since, without objection,[1] the interpreter herself took the stand and gave a version of Henao's statements which did not materially differ from the officer's, his testimony may properly be considered as no more than cumulative and therefore harmless. Stigletts v. McDonald, 135 Fla. 385, 186 So. 233 (1938); Lane v. State, 430 So.2d 989 (Fla. 3d DCA 1983); Sec. 924.33, Fla. Stat. (1981).
We likewise find no merit in the argument that the evidence of the defendant's possession of cocaine was insufficient to support the verdict. Brown v. State, 428 So.2d 250 (Fla. 1983), cert. denied, ___ U.S. ___, 103 S.Ct. 3541, 77 L.Ed.2d 1391 (1983); Wale v. State, 397 So.2d 738 (Fla. 4th DCA 1981).
Affirmed.
NOTES
[1] While there is some claim as to her inadequacy, none was presented below.