453 So.2d 878 (1984)
Alfredo CHAO, Appellant,
v.
The STATE of Florida, Appellee.
No. 83-606.
District Court of Appeal of Florida, Third District.
August 7, 1984.
*879 Bennett H. Brummer, Public Defender and Mary V. Brennan, Sp. Asst. Public Defender, Miami, for appellant.
Jim Smith, Atty. Gen. and Carolyn M. Snurkowski, Asst. Atty. Gen., for appellee.
Before DANIEL S. PEARSON, FERGUSON and JORGENSON, JJ.
DANIEL S. PEARSON, Judge.
Alfredo Chao appeals his conviction for attempted first-degree murder. His sole point on appeal is that the trial court erred in admitting the testimony of Detective Rigdon that Pedro Mendez, while interpreting questions asked by the detective and responses given by the defendant, related that the defendant said he shot the victim "because he loves her and wants no other man to have her." Finding no error in the admission of this testimony, we affirm.[1]
Mendez, the defendant's uncle by marriage, was present when Rigdon arrested the defendant. Rigdon neither spoke nor understood Spanish; the defendant neither spoke nor understood English; Mendez spoke and understood both Spanish and English. Accordingly, Rigdon asked Mendez to translate the conversation between Rigdon and the defendant. Mendez testified that at Rigdon's request, he read the Miranda warnings to the defendant, and the defendant acknowledged that he understood his Miranda rights. Mendez could not remember what the ensuing questions and answers were, but stated that he truthfully translated the "questions and answers between Detective Rigdon and the defendant." Thereafter, Rigdon's testimony was elicited over the defendant's hearsay objection.[2]
Concededly, the authorities in this country are not in agreement as to whether testimony recounting a translated conversation is hearsay. See Annot., 12 A.L.R.4th 1016 (1982). However, as we recently observed in Henao v. State, 454 So.2d 19 (Fla. 3d DCA 1984), we are compelled *880 by the lone and unaltered binding authority of Meacham v. State, 45 Fla. 71, 33 So. 983 (1903), to hold that such testimony is not hearsay.[3] While it might well be argued that the holding in Meacham should be confined to a situation in which, as here, the person whose translated statements are being introduced selected or participated in the selection of the translator, we find no such qualification in the rule announced in Meacham, which, in essence, is that the very act of speaking through an interpreter constitutes an adoption of the interpreter's words as one's own.[4]
Affirmed.
NOTES
[1] The victim, who was the defendant's girlfriend until a short time before the shooting incident, testified that the defendant came to her house, pointed the gun at her and shot her. The defense was that the gun, which the defendant admitted carrying but not pointing, discharged accidentally. Only the defendant and the victim were present when the shooting occurred. Thus, the testimony of Rigdon, which so obviously undermined the accident defense, was critical to the case, and had we found the admission of this testimony to be error, such error could hardly be considered harmless as the State suggests.
[2] We reject the State's claim that the defendant failed to preserve his asserted error. At the outset of the prosecutor's questioning of Rigdon, defense counsel objected on the stated grounds that there was no predicate laid that Mendez was a qualified interpreter or translator and that anything that Mendez said to Rigdon would be hearsay. The court sustained the lack of predicate objection, and shortly thereafter, apparently satisfied that a proper predicate had been laid by Rigdon's testimony that he could see no reason why Mendez would not translate truthfully and that Mendez seemed to understand Rigdon's questions and the defendant's answers, permitted Rigdon to relate what Mendez had told him.

Despite the State's urging that the defendant's failure to renew his hearsay objection after the trial court's ruling constituted a waiver of the objection, we believe that under the circumstances of this case the defendant's initial objection adequately preserved the point for appellate review. Here, the defendant's hearsay objection went to the admissibility of Rigdon's testimony in its entirety. A ruling favorable to the defendant on hearsay grounds would have concluded all questioning of Rigdon as to the translated questions and answers, no matter what predicate was laid, that is, no matter how qualified Mendez was shown to be as an interpreter. Thus, when the trial court sustained the defendant's objection solely on the ground of improper predicate, this constituted an overruling of the hearsay objection and obviated the necessity of, and made futile, a further hearsay objection. In sum, defense counsel had adequately apprised the trial court of his position that what Mendez said to Rigdon was inadmissible hearsay, and the trial court, so apprised, ruled adversely to the defendant.
[3] We are not at liberty to follow Rosell v. State, 433 So.2d 1260 (Fla. 1st DCA 1983), rev. denied, 446 So.2d 100 (Fla. 1984), or State Farm Mutual Automobile Insurance Co. v. Ganz, 119 So.2d 319 (Fla. 3d DCA 1960), both of which overlook Meacham and suggest a contrary rule. See Hoffman v. Jones, 280 So.2d 431 (Fla. 1973).
[4] It follows from this rule that Mendez's testimony that he accurately translated the conversation between Rigdon and the defendant was not a required predicate to the introduction of Rigdon's testimony, but was nonetheless admissible as going to the weight to be given to the translated words.