478 So.2d 30 (1985)
Alfredo CHAO, Petitioner,
v.
STATE of Florida, Respondent.
No. 65886.
Supreme Court of Florida.
October 24, 1985.
*31 Bennett H. Brummer, Public Defender, Eleventh Judicial Circuit, Miami, and Mary V. Brennan, Sp. Asst. Public Defender, Key West, for petitioner.
Jim Smith, Atty. Gen., and Richard E. Doran and Carolyn M. Snurkowski, Asst. Attys. Gen., Miami, for respondent.
PER CURIAM.
This Court accepted jurisdiction of Chao v. State, 453 So.2d 878 (Fla. 3d DCA 1984), because of express and direct conflict with Rosell v. State, 433 So.2d 1260 (Fla. 1st DCA 1983), review denied, 446 So.2d 100 (Fla. 1984). Art. V, § 3(b)(3), Fla. Const.
After shooting his ex-girlfriend, Chao arranged to surrender to the police by having his uncle by marriage, Pedro Mendez, bring Detective Rigdon to him. Chao spoke Spanish, but neither spoke nor understood English. Rigdon neither spoke nor understood Spanish. Mendez spoke Spanish and English. Rigdon asked Mendez to translate between Chao and himself. He gave Chao a card printed with the Miranda warnings in Spanish, which Chao read and signed.
At trial, Mendez answered in the affirmative when asked whether he translated questions and answers between Rigdon and Chao, but he stated that, "I don't remember exactly what he told me." The prosecutor ascertained that Mendez translated "truthfully" and went no further in questioning Mendez.
The state then called Rigdon and sought to introduce the statements of Chao as translated by Mendez to Rigdon. The defense objected based on lack of a proper predicate that the uncle was a qualified interpreter and also because the testimony would constitute hearsay. The trial court at first sustained the objection for lack of a predicate, but subsequently permitted the following challenged testimony:
I asked Mr. Mendez to please ask Mr. Chao why did he shoot the girl. They had a conversation in Spanish. Mr. Mendez replied to me, "He says he shot her because he loves her and wants no other man to have her."
This statement was inconsistent with Chao's defense that the gun discharged accidentally. Chao was convicted for attempted first-degree murder.
Chao raised as error on appeal the admission of his statement, as translated by Mendez and testified to by Rigdon. The district court found no error and affirmed, relying on this Court's decision in Meacham v. State, 45 Fla. 71, 33 So. 983 (1903).[1] The district court cited Meacham for the proposition that testimony recounting a translated conversation is not hearsay. Meacham broadly stated that
where two parties, speaking different languages, and who cannot understand each other, converse through an interpreter, the words of the interpreter, which are their necessary medium of *32 communication, are adopted by both, and made a part of their conversation, as much as those which fall from their own lips; that the interpretation, under such circumstances, is prima facie to be deemed correct; that in such a case either party or a third party who hears the conversation, may testify to it as he understands it, although for his understanding of what was said by one of the parties he is dependent on the interpretation which was a part of the conversation; that the fact that such conversation was had through an interpreter affects the weight, but not the competency of the evidence.
Id. at 983 (citing Commonwealth v. Vose, 157 Mass. 393, 32 N.E. 355 (1982)). From a perspective of more than eighty years later, we cannot determine whether the Court was holding that the statement was not hearsay or that it was hearsay, but nevertheless admissible as an exception. In any event, we disapprove any suggestion that testimony recounting a translated out-of-court conversation is not hearsay. "`Hearsay' is a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." § 90.801(1)(c), Fla. Stat. (1981). The statement in the present case clearly fits the statutory definition of hearsay, although we find that it was admissible nonetheless as an admission under section 90.803(18)(c), Florida Statutes (1981), hearsay exception:
(18) ADMISSION.  A statement that is offered against a party and is:
... .
(c) A statement by a person specifically authorized by him to make a statement concerning the subject;
Under subsection (c) a person can authorize another to speak for him and the admission made can be admitted against the party who authorized the other to speak for him. The person giving the authorization need not, under this subsection, hear the subsequent statement. For this reason an admission specifically authorized to be given through a competent interpreter is like any other admission authorized to be given by an agent and may be testified to by the person to whom the agent gives the statement.
In the present case, Chao asked Mendez to assist him in turning himself in to the police. He read his Miranda rights, signed a waiver,[2] and then answered Rigdon's questions through Mendez. Under these circumstances, we think it is obvious that Chao authorized Mendez to speak for him. He undoubtedly contemplated verbal communication with the police in turning himself in, or it would have been unnecessary to involve Mendez. Chao's statement was admissible as an admission.
We approve the result reached in the present case for the reasons stated above. We disapprove Rosell to the extent that it suggests that testimony of a third party regarding statements given through an interpreter is necessarily inadmissible hearsay.
It is so ordered.
BOYD, C.J., and ADKINS, OVERTON, McDONALD, EHRLICH and SHAW, JJ., concur.
NOTES
[1] We reach the merits of petitioner's argument, rejecting, as did the district court, the state's argument that the defense did not preserve the hearsay issue for appellate review.
[2] The statement in this case was given post-arrest. Petitioner has not argued that his rights under Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966), were violated.